JEFFREY H. WOOD,
Acting Assistant Attorney General
United States Department of Justice
Environment and Natural Resources Division

JOHN S. MOST, Natural Resources Section
P.O. Box 7611 Washington, D.C. 20044
202-616-3353 || 202-305-0506 (fax)
John.Most@usdoj.gov

*Counsel for Defendants*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| _____ ) | CV 18-69-BMM |
| MONTANA WILDLIFE FEDERATION, ) | |
| *et al*. ) | **FEDERAL DEFENDANTS'** |
| ) | **ANSWER** |
| Plaintiffs, ) | |
| v. ) | |
| ) | |
| RYAN ZINKE, Secretary of the Interior, ) | |
| *et al*. ) | |
| ) | |
| Federal Defendants, ) | |
| and ) | |
| ) | |
| STATE OF WYOMING *et al*. ) | |
| ) | |
| Intervenor Defendants. ) | |
| _____ ) | |

1

Federal Defendants hereby respond to the allegations of the Amended Complaint for Declaratory Judgment and Injunctive Relief, ECF No. 19 ("Complaint"), filed June 28, 2018.  The numbered paragraphs herein correspond to the numbered paragraphs of the Complaint.

1.      The allegations of the first sentence of this paragraph constitute Plaintiffs' characterization of their case, to which no response is required.  To the extent a response is required, the allegations are denied.  Federal Defendants admit the allegations of the second and third sentences.  Federal Defendants deny the allegations of the fourth sentence and aver that greater sage-grouse ("sage-grouse") populations have declined throughout their range due to a number of factors, including habitat loss and habitat fragmentation.

2.      Federal Defendants deny the allegations of the first and second sentences of this paragraph and aver that federal agencies revised land use plans and prepared land use plan amendments (collectively "the 2015 plans") to conserve, enhance, and restore sage-grouse and sage-grouse habitat in ten western states and that these plans were adopted in 2015.  The allegations of the third sentence and footnote 1 purport to characterize the 2015 plans, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of the 2015 plans are denied.

3.     Federal Defendants deny the allegations of the first sentence of this paragraph.  The allegations of the second and third sentences purport to characterize the Department of the Interior Instruction Memorandum ("IM") 2018-026 and other guidance, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of the cited guidance are denied.  Federal Defendants admit the allegations of the fourth sentence and deny the allegations of the fifth sentence.

4.     Federal Defendants deny the allegations of this paragraph.

5.     The allegations of this paragraph consist of legal conclusions, to which no response is required.

6.     The allegations of this paragraph consist of legal conclusions, to which no response is required.

7.     The allegations of the first sentence of this paragraph consist of legal conclusions, to which no response is required.  Federal Defendants deny the allegations of the second sentence and aver that some of the events giving rise to this case occurred in this district, including the two oil and gas lease sales identified by Plaintiffs in this paragraph, but not including the oil and gas lease sales in Wyoming and Nevada identified by Plaintiffs elsewhere in the Complaint.

8.     The allegations of this paragraph consist of legal conclusions, to which no response is required.

9.     Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph and on this basis deny them.

10.     Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph and on this basis deny them.

11.     Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of the first through tenth sentences and the twelfth sentence of this paragraph and on this basis deny them.  Federal Defendants deny the allegations of the eleventh sentence and aver that in 2015, BLM (i) provided the National Wildlife Federation ("NWF") a letter of support to assist it in obtaining a National Fish and Wildlife Foundation grant; and (ii) provided NWF areas to consider for flag installation.

12.     Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph and on this basis deny them.

13.      Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph and on this basis deny them.

14.    Federal Defendants deny the allegations of the first sentence of this paragraph.  Federal Defendants deny the allegations of the second sentence and aver that some of the plaintiffs filed comments or protests on some of the challenged lease sales, but none of the plaintiffs filed administrative appeals of the challenged lease sales to the Interior Board of Land Appeals.

15.    Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of the first and second sentences of this paragraph and on this basis deny them.  With respect to the allegations of the third sentence, Federal Defendants deny that they violated the cited statutes and further assert that they lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations of this sentence and on this basis deny them.

16.    Federal Defendants admit the allegations of this paragraph.

17.    Federal Defendants admit the allegations of the first and third sentences of this paragraph.  Federal Defendants deny the allegations of the second sentence and aver that Deputy Director Judice approved the four oil and gas leasing decisions for the parcels offered at the two Montana oil and gas lease sales identified in the amended complaint.

18.    Federal Defendants admit the allegations of this paragraph.

19.    Federal Defendants admit the allegations of this paragraph.

20.     Federal Defendants deny the allegations of the first sentence of this paragraph and aver that sage-grouse are believed to have existed in large numbers in the sagebrush steppe habitat identified by Plaintiffs.  The allegations of the second and third sentences purport to characterize a "Finding," published in the Federal Register and cited by Plaintiffs in footnote 2, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of the Finding are denied.  The allegations of the fourth, fifth, and sixth sentences purport to characterize the publications cited in footnotes 3, 4, and 5, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of the cited publications are denied.

21.     The allegations of the first sentence of this paragraph purport to characterize the publication cited in footnote 6, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of the cited publication are denied.  The allegations of the second and third sentences purport to characterize the noted Finding, cited in footnote 2, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of the cited Finding are denied.

22.     The allegations of this paragraph purport to characterize the Finding cited in footnote 2, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of the cited Finding are denied.

23.     The allegations of this paragraph purport to characterize the publications cited in footnotes 7 and 8, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of the cited publications are denied.

24.     The allegations of this paragraph purport to characterize the publications cited in footnotes 2, 9, 10, and 13, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of the cited publications are denied.

25.     The allegations of this paragraph purport to characterize provisions of the Administrative Procedure Act, 5 U.S.C. §§ 702, 706(2)(A), 706(2)(C) and 706(2)(D), which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of these provisions are denied.

26.     The allegations of this paragraph purport to characterize the cited judicial rulings, which speak for themselves and provide the best evidence of their

contents.  Any allegations contrary to the plain language, meaning, and context of these rulings are denied.

27.    The allegations of this paragraph purport to characterize the cited judicial ruling, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of the ruling are denied.

28.    The allegations of this paragraph purport to characterize provisions of the Federal Land Policy and Management Act ("FLPMA"), 43 U.S.C. § 1701 *et seq.*, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of FLPMA are denied.

29.    The allegations of this paragraph purport to characterize provisions of FLPMA and one of its implementing regulations, as well as the cited judicial ruling, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of FLPMA, the regulation, and the ruling are denied.

30.    The allegations of this paragraph purport to characterize provisions of FLPMA and two of its implementing regulations, as well as the cited judicial ruling, which speak for themselves and are the best evidence of their contents.

Any allegations contrary to the plain language, meaning, and context of FLPMA, the regulations, and the ruling are denied.

31.    The allegations of this paragraph purport to characterize provisions of FLPMA and several of its implementing regulations, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of FLPMA and the cited regulations are denied.

32.    The allegations of this paragraph purport to characterize provisions of a regulation implementing the National Environmental Policy Act ("NEPA"), as well as the cited judicial ruling, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of the regulation and ruling are denied.

33.    The allegations of this paragraph purport to characterize a provision of NEPA, as well as the cited judicial rulings, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of NEPA and the rulings are denied.

34.    The allegations of this paragraph purport to characterize provisions of several regulations implementing NEPA, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of the regulations are denied.

35.     The allegations of this paragraph purport to characterize NEPA, several of its implementing regulations, and the cited judicial rulings, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of NEPA, the regulations and the rulings are denied.

36.     The allegations of this paragraph purport to characterize a regulation implementing NEPA and the cited judicial rulings, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of the regulation and rulings are denied.

37.     The allegations of this paragraph purport to characterize several regulations implementing NEPA and the cited judicial ruling, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of the regulations and ruling are denied.

38.     The allegations of this paragraph purport to characterize a regulation implementing NEPA and the cited judicial ruling, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of the regulation and ruling are denied.

39.     The allegations of this paragraph purport to characterize a provision of the Endangered Species Act ("ESA") and the cited judicial ruling, which speak for

themselves and provide the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of the ESA and the ruling are denied.

40.    The allegations of this paragraph purport to characterize provisions of the ESA and the cited judicial ruling, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of the ESA and the ruling are denied.

41.    The allegations of this paragraph purport to characterize provisions of the ESA and two of its implementing regulations, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of the ESA and the regulations are denied.

42.    The allegations of this paragraph purport to characterize the cited Federal Register publications and judicial ruling, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of the publications and ruling are denied.

43.    The allegations of this paragraph purport to characterize the federal agency publications cited in footnotes 15 and 17, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of the publications are denied.

44.     The allegations of this paragraph purport to characterize the cited Federal Register publication, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of the publication are denied.

45.     The allegations of this paragraph purport to characterize provisions of the 2015 plans, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of the 2015 plans are denied.

46.     The allegations of this paragraph purport to characterize provisions of 2015 plans, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of the 2015 plans are denied.

47.     The allegations of the first sentence and second sentences of this paragraph purport to characterize provisions of 2015 plans and of the Approved RMPs cited in footnote 24, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of the 2015 plans and the RMPs are denied.  The remaining allegations of this paragraph purport to characterize the record of decision ("ROD") cited in footnote 25, which speaks for itself and provides the best

evidence of its content.  Any allegations contrary to the plain language, meaning, and context of the ROD are denied.

48.     Federal Defendants admit the allegations of the first sentence of this paragraph.  The remaining allegations of this paragraph purport to characterize provisions of IM 2016-143, which speak for themselves and provide the best evidence of their content.  Any allegations contrary to the plain language, meaning, and context of the IM are denied.

49.     Federal Defendants admit the allegations of the first sentence of this paragraph.  The allegations of the second sentence purport to characterize the cited Federal Register publication, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of the publication are denied.

50.     Federal Defendants deny the allegations of the first sentence of this paragraph.  The remaining allegations of this paragraph purport to characterize Executive Order 13783 and the White House publication cited in footnote 30, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of the Executive Order and publication are denied.

51.     The allegations of this paragraph purport to characterize provisions of Secretarial Order 3353, which speak for themselves and provide the best evidence

of their contents.  Any allegations contrary to the plain language, meaning, and context of Secretarial Order 3353 are denied.

52.     Federal Defendants admit the allegations of the first sentence of this paragraph.  The remaining allegations of this paragraph purport to characterize provisions of the BLM report cited in footnote 33, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of the report are denied.

53.     The allegations of this paragraph purport to characterize provisions of the noted BLM report, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of the report are denied.

54.     Federal Defendants admit that Secretary Zinke issued the noted directive, referred to as the "Zinke Memorandum," on August 4, 2017.  The remaining allegations of this paragraph purport to characterize that directive, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of the directive are denied.

55.     Federal Defendants admit the allegations of the first sentence of this paragraph.  With respect to the allegations of the second sentence, Federal Defendants admit that plan amendments or revisions would require compliance with FLPMA; the remaining allegations of this sentence purport to characterize

provisions of FLPMA and the cited Notice of Intent, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of FLPMA and the Notice of Intent are denied.

56.    Federal Defendants admit the allegations of the first sentence of this paragraph and deny the allegations of the second sentence.  The remaining allegations of this paragraph purport to characterize provisions of IM 2018-026, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of IM 2018-026 are denied.

57.    The allegations of the first sentence of this paragraph purport to characterize provisions of the 2018 IM and the Zinke Memorandum, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of the IM and the Zinke Memorandum are denied.  Federal Defendants admit the allegations of the second sentence and aver that such NEPA analysis is not required.

58.    Federal Defendants deny the allegations of the first sentence of this paragraph and aver that BLM has properly offered oil and gas leases in priority and general habitat.  Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of the second sentence, and further

lack knowledge as to what analysis Plaintiffs are referring to, and on these bases deny them.   Federal Defendants deny the allegations of the third and fourth sentences.

59.     Federal Defendants deny the allegations of the first and third sentences of this paragraph.  The allegations of the second sentence purport to characterize provisions of BLM's NEPA analyses for certain unspecified lease sales, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of those analyses are denied.

60.     Federal Defendants deny the allegations of the first sentence of this paragraph.  Federal Defendants deny the allegations of the second sentence and aver that the cumulative impacts of leasing are analyzed in the EISs supporting the relevant land use plans for each BLM Field Office.

61.     Federal Defendants deny the allegations of this paragraph.

62.     Federal Defendants admit the allegations of the first sentence of this paragraph.  Federal Defendants deny the allegations of the second sentence and aver that nearly 97% – 197 out of 204 parcels – encompassed General Habitat.

63.     The allegations of the first sentence of this paragraph purport to characterize provisions of the cited EA, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to the plain language,

meaning, and context of the EA are denied.  Federal Defendants deny the

allegations of the second sentence and aver that there is no legal requirement that

an agency consider a "middle-ground alternative."

64.     Federal Defendants deny the allegations of the first and second

sentences of this paragraph.  The allegations of the third sentence purport to

characterize provisions of the cited EA, which speak for themselves and provide

the best evidence of their contents.  Any allegations contrary to the plain language,

meaning, and context of the EA are denied.

65.     Federal Defendants admit the allegations of this paragraph.

66.     Federal Defendants admit the allegations of the first sentence of this

paragraph.  The allegations of the second sentence purport to characterize

provisions of the three referenced EAs, which speak for themselves and provide

the best evidence of their contents.  Any allegations contrary to the plain language,

meaning, and context of the EAs are denied.  Federal Defendants deny the

allegations of the third sentence and aver that there is no legal requirement that an

agency consider a "middle-ground alternative."

67.     The allegations of the first, second, and fourth sentences of this

paragraph purport to characterize provisions of the three referenced EAs, which

speak for themselves and provide the best evidence of their contents.  Any

allegations contrary to the plain language, meaning, and context of the EAs are denied.  Federal Defendants deny the allegations of the third sentence.

68.    Federal Defendants admit the allegations of the first sentence of this paragraph.  The allegations of the second sentence purport to characterize provisions of the referenced EA, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of the EA are denied.

69.    The allegations of the first sentence of this paragraph purport to characterize provisions of the referenced EA, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of the EA are denied.  Federal Defendants deny the allegations of the second sentence and aver that there is no legal requirement that an agency consider a "middle-ground alternative."

70.    The allegations of the first and third sentences of this paragraph purport to characterize provisions of the referenced EA, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of the EAs are denied. Federal Defendants deny the allegations of the second sentence.

71.    Federal Defendants admit the allegations of the first and second sentences of this paragraph.  The allegations of the third sentence purport to

characterize provisions of the referenced EA, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of the EA are denied.

72.    The allegations of the first sentence of this paragraph purport to characterize provisions of the referenced EA, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of the EA are denied.  Federal Defendants deny the allegations of the second sentence and aver that there is no legal requirement that an agency consider a "middle-ground alternative."

73.    The allegations of the first and third sentences of this paragraph purport to characterize provisions of the referenced EA, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of the EA are denied.  Federal Defendants deny the allegations of the second sentence.

74.    Federal Defendants admit the allegations of the first sentence of this paragraph.  With respect to the allegations of the second sentence, Federal Defendants admit that dozens of the leases encompass priority or general habitat, but the remaining allegations of this sentence purport to characterize provisions of the referenced EA, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and

context of the EA are denied.  The allegations of the third sentence purport to characterize provisions of BLM's responses to public comments, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of the responses are denied.

75.     The allegations of the first sentence of this paragraph purport to characterize provisions of the referenced EA, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of the EA are denied.   Federal Defendants deny the allegations of the second sentence and aver that there is no legal requirement that an agency consider a "middle-ground alternative."

76.     The allegations of the first and third sentences of this paragraph purport to characterize provisions of the referenced EA, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of the EA are denied.  Federal Defendants deny the allegations of the second sentence.

77.     Federal Defendants admit the allegations of this paragraph.

78.     The allegations of this paragraph purport to characterize provisions of the referenced EA, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of the EA are denied.

79.     The allegations of the first and third sentences of this paragraph purport to characterize provisions of the referenced EA, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of the EA are denied.  Federal Defendants deny the allegations of the second sentence.

80.     Federal Defendants admit the allegations of this paragraph.

81.     Federal Defendants admit the allegations of the first sentence of this paragraph.  The allegations of the second and third sentences of this paragraph purport to characterize provisions of the referenced EAs, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of the EAs are denied.

82.     The allegations of the first, second, and fourth sentences of this paragraph purport to characterize provisions of the three referenced EAs, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of the EAs are denied.  Federal Defendants deny the allegations of the third sentence.

83.     Federal Defendants admit the allegations of this paragraph.

84.     The allegations of this paragraph purport to characterize provisions of the referenced EA, which speak for themselves and provide the best evidence of

their contents.  Any allegations contrary to the plain language, meaning, and context of the EA are denied.

85.    The allegations of the first and third sentences of this paragraph purport to characterize provisions of the three referenced EAs, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of the EAs are denied. Federal Defendants deny the allegations of the second sentence.

86.    Federal Defendants incorporate by reference their responses to the allegations of the preceding paragraphs.

87.    The allegations of this paragraph purport to characterize provisions of FLPMA and one of its implementing regulations, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of FLPMA and the cited regulation are denied.

88.    The allegations of this paragraph purport to characterize provisions of the 2018 IM and the Zinke Memorandum, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of the IM and the Zinke Memorandum are denied.

89.    Federal Defendants admit the allegations of this paragraph.

90.    Federal Defendants deny the allegations of this paragraph.

91.    Federal Defendants deny the allegations of this paragraph.

92.     Federal Defendants incorporate by reference their responses to the allegations of the preceding paragraphs.

93.     The allegations of this paragraph purport to characterize provisions of FLPMA and one of its implementing regulations, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of FLPMA and the regulation are denied.

94.     The allegations of this paragraph purport to characterize provisions of the referenced land use plans, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of the plans are denied.

95.     Federal Defendants deny the allegations of this paragraph.

96.     Federal Defendants deny the allegations of this paragraph.

97.     Federal Defendants incorporate by reference their responses to the allegations of the preceding paragraphs.

98.     The allegations of this paragraph purport to characterize provisions of NEPA and one of its implementing regulations, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of NEPA and the cited regulation are denied.

99.     The allegations of the first sentence of this paragraph purport to characterize provisions of the referenced EAs, which speak for themselves and are

the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of the EAs are denied.  Federal Defendants deny the allegations of the second and third sentences.

100.   Federal Defendants deny the allegations of this paragraph.

101.   Federal Defendants incorporate by reference their responses to the allegations of the preceding paragraphs.

102.   The allegations of this paragraph purport to characterize the cited judicial ruling, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of that ruling are denied.

103.   The allegations of this paragraph purport to characterize provisions of regulations implementing NEPA and the cited judicial ruling, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of the regulations and ruling are denied.

104.   Federal Defendants deny the allegations of the first sentence of this paragraph.  Federal Defendants admit the allegations of the second sentence and aver that such NEPA analysis is not required.

105.   Federal Defendants deny the allegations of the first sentence of this paragraph.  Federal Defendants deny the allegations of the second sentence.

106.   Federal Defendants deny the allegations of this paragraph.

107.   Federal Defendants incorporate by reference their responses to the allegations of the preceding paragraphs.

108.   The allegations of this paragraph purport to characterize provisions of regulations implementing NEPA, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of the regulations are denied.

109.   Federal Defendants deny the allegations of the first sentence of this paragraph.  The allegations of the second and third sentences purport to characterize provisions of the cited EAs, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of the EAs are denied.

110.   Federal Defendants admit the allegations of the first sentence of this paragraph.  The allegations of the second sentence purport to characterize provisions of the referenced EAs, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of the EAs are denied.

111.   Federal Defendants deny the allegations of this paragraph.

112.   Federal Defendants incorporate by reference their responses to the allegations of the preceding paragraphs.

113.   The allegations of this paragraph purport to characterize provisions of NEPA and one of its implementing regulations, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of NEPA and the regulation are denied.

114.   Federal Defendants deny the allegations of this paragraph.

115.   Federal Defendants deny the allegations of this paragraph.

116.   Federal Defendants deny the allegations of this paragraph.

117.   Federal Defendants deny the allegations of this paragraph.

## PRAYER FOR RELIEF

The remainder of the Amended Complaint constitutes Plaintiffs' request for relief, to which no response is required.  To the extent a response may be deemed required, Defendants deny that Plaintiffs are entitled to the relief sought or to any form of relief.  In particular, equitable considerations govern whether vacatur is an appropriate remedy for a legal violation.  Because leasing does not authorize surface-disturbing activity and because further environmental analysis is required at the permitting stage before such activity may commence, vacatur would be an extreme remedy.

## GENERAL DENIAL

Defendants deny any allegations of the Complaint, whether express or implied, that are not specifically admitted, denied, or qualified herein.

## AFFIRMATIVE DEFENSES

1.  The Court lacks jurisdiction over one or more of Plaintiffs' claims.

2.  Plaintiffs fail to state a claim upon which relief may be granted.

Respectfully submitted this 6th day of August, 2018.

JEFFREY H. WOOD
Acting Assistant Attorney General
U.S. Department of Justice
Environment and Natural Resources Division

 /s/ John S. Most
JOHN S. MOST, Trial Attorney
Natural Resources Section
P.O. Box 7611, Washington, D.C. 20044
202-616-3353 || 202-305-0506 (fax)
John.Most@usdoj.gov

*Counsel for Federal Defendants*

Of Counsel:

Philip C. Lowe
Office of the Solicitor
U.S. Department of the Interior

## <u>CERTIFICATE OF SERVICE</u>

I certify that a copy of the foregoing is being filed with the Clerk of the Court using the CM/ECF system, thereby serving it on all parties of record on August 6, 2018.

/s/ *John S. Most*
JOHN S. MOST
*Counsel for Federal Defendants*