JEAN E. WILLIAMS,
Deputy Assistant Attorney General
United States Department of Justice
Environment and Natural Resources Division

JOHN S. MOST,
Natural Resources Section
P.O. Box 7611
Washington, D.C. 20044
202-616-3353 || 202-305-0506 (fax)
John.Most@usdoj.gov

*Counsel for Defendants*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| _____ | |
| MONTANA WILDLIFE FEDERATION, ) | CV 18-69-GF-BMM |
| *et al.* ) | |
| ) | **FEDERAL DEFENDANTS'** |
| Plaintiffs, ) | **MOTION FOR LEAVE TO** |
| v. ) | **SEEK RECONSIDERATION** |
| ) | **OF ORDER DENYING MOTION** |
| RYAN ZINKE, Secretary of the Interior, ) | **TO SEVER AND TRANSFER** |
| *et al.* ) | |
| ) | |
| Federal Defendants. ) | |
| _____) | |

## **MOTION**

Pursuant to Local Rule 7.3(a) and in order to avoid manifest error under

Federal Rule of Civil Procedure 59(e), *Turner v. Burlington N. Santa Fe R.R. Co.*,

338 F.3d 1058, 1063 (9th Cir. 2003) (citing *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (*en banc*) (*per curiam*)), Federal Defendants hereby move for leave to file a motion seeking reconsideration of the Court's November 6, 2018 order denying Defendants' motions to sever and transfer claims.  ECF No. 62 ("Order").  Federal Defendants' transfer motion sought (i) severance of seven claims concerning out-of-state oil and gas leasing decisions, and (ii) transfer of those seven claims to the two states where the leased lands and where the most-directly-affected citizens, tribes, and state and local governments are located.  The Court should grant the motion for leave based on the emergence of "new material facts," L.R. 7.3(b)(2), since entry of its order on the transfer motions.

## MEMORANDUM

Plaintiffs in this case challenge eleven oil and gas leasing decisions made by officials of the Bureau of Land Management ("BLM") in Montana, Wyoming, and Nevada, and they raise two facial challenges to Department of the Interior policy directives: specifically, a 2018 instruction memorandum ("IM"), No. 2018-026, and the August 4, 2017 "Zinke memo," each concerning greater sage-grouse conservation in the context of oil and gas decision making.

Federal Defendants contended in briefing that the leasing decisions were supported by eleven separate analyses under the National Environmental Policy Act ("NEPA") and eleven administrative records and, further, that any of these

claims could stand alone as its own lawsuit, assuming jurisdictional requirements are satisfied.  ECF No. 44 at 2.  They argued that the Court should sever and transfer the out-of-state claims to the judicial districts where the land and where the most directly affected public are located, that is, the Districts of Wyoming and Nevada.  Federal Defendants also noted that these out-of-state claims account for 89% of the acreage at issue in this case.  *Id*.

In opposing transfer, Plaintiffs described their lawsuit as one seeking to "set aside national policy directives issued by the Interior Department, as well as the implementation of those directives through oil and gas lease sales in three Western states (Montana, Nevada, and Wyoming) . . . ."  ECF No. 40 at 1.  Emphasizing the similarities of their claims, Plaintiffs argued the claims are "closely intertwined and involve the same legal and factual issues."  *Id*.  In similar fashion, Plaintiffs characterized Claim Two of the amended complaint as asserting that, because the leasing decisions in Montana, Nevada and Wyoming "implement the National Directives," those decisions violate the Federal Land Policy and Management Act ("FLPMA").  *Id*. at 5.

Based in part on these characterizations, the Court on November 6, 2018, denied the transfer motion.  ECF No. 62.  The Court described Plaintiffs' challenge as alleging that the leasing decisions "share a common defect in the form of the violation of federal law stemming from revised national directives."  *Id*. at 15.  The

court thus concluded Plaintiffs "do not challenge the individual leasing decisions." *Id*. at 9.  Instead, the Court ruled, Plaintiffs "bring a facial challenge to the Zinke Memo and the 2018 IM [(i.e., No. 2018-026)] with separate as-applied challenges that involve the lease sales in three states."  *Id*.

During negotiations concerning the parties' joint case management proposal, filed December 19, 2018, ECF No. 64, Defendants learned for the first time that the Montana leasing decisions did not apply the directives.  In particular, Plaintiffs advised that BLM's Montana State Office did not apply IM 2018-026 in making the leasing decisions for the March 2018 lease sale.  They pointed out that one of the plaintiffs had filed a formal protest of the planned lease sale, a circumstance not mentioned in either the complaint or the amended complaint.  Unknown to counsel for Defendants, BLM issued a decision on the protest on March 6, 2018, before this lawsuit was filed.  That decision stated that BLM had completed its prioritization review for the March 2018 sale before IM 2018-026 had been issued. *See* Ex. 1 at 12 (Protest Decision).

Further inquiry this week by undersigned counsel, including an examination of the environmental assessments ("EAs") prepared for the Montana leasing decisions, reflects that three of the EAs (i.e., Miles City, Billing, and Hi-Line) applied IM 2016-143, while a fourth EA (Butte) had no need to apply the IM, because the Butte parcels offered for the March 2018 lease sale did not contain

4

designated sage-grouse habitat.  As the Amended Complaint reflects, this IM was prepared by the previous administration to guide implementation of sage-grouse conservation decisions reflected in the 2015 amendments and revisions to the resource management plans relevant in this case.  *See* ECF No. 19 ¶¶ 43-48.  The IM established a "sequential prioritization" process in order to "minimize further fragmentation and impacts to [sage-grouse] habitat or populations," among other things.  *Id*. ¶ 48.

## ARGUMENT

The Court should grant the motion for leave to seek reconsideration of the transfer ruling in order to prevent manifest injustice.  Local rule 7.3 authorizes the filing of a motion for leave to seek reconsideration where "new material facts [have] emerged . . . after entry of the order [at issue]."  L.R. 7.3(b)(2).

As just discussed, it is now apparent that a factual premise central to the Court's transfer ruling is not supported by the record and appears to be incorrect.  Further, because the amended complaint did not alert Defendants to the fact that a protest had been filed – and resolved – before this action commenced, counsel had no reason to seek out the protest decision, which would have revealed that BLM, in the four Montana leasing decisions, did not apply the new prioritization IM, No. 2018-026, and prompted examination of the relevant EAs.  Because the policy directives were issued in August 2017 and January 2018, there seemed to be no

reason to doubt that, for sales held in December 2017 and March 2018, BLM would at a minimum have applied the August directive.

Although Plaintiffs stated in paragraph 17 of the amended complaint that BLM's Deputy State Director "approved the Montana oil and gas lease sales implementing the national decisions," ECF No. 19 ¶ 17, Federal Defendants' response, ECF No. 42 ¶ 17, admitted only the act of approval and denied the remainder of the sentence, on the ground that the leasing decisions do not "implement" policy directives; at most, such decisions "apply" policy in determining how to proceed. As it turns out, an additional basis for denial existed, of which counsel was unaware. However, presented with a sufficient basis for denying the imprecise term "implementing," there was no reason to seek out an additional basis for denial.[1]

Plaintiffs repeated this error in opposing the motions for transfer, stating that "because BLM's decisions all follow the National Directives, Plaintiffs' claims are intertwined and allege the same flaws in every lease sale." ECF No. 40 at 12. In addition, they argued that "BLM relied on the same National Directives for the

---

[1] The same is true with respect to the allegation in paragraph 95 of the amended complaint, where Plaintiffs allege BLM "implemented" the policy directives "by offering hundreds of leases within Priority and General Habitat in Montana, Nevada, and Wyoming." ECF No. 19 ¶ 95. Federal Defendants denied those allegations for the same reason they denied the comparable language in paragraph 17. ECF No. 42 ¶ 95.

Nevada, Wyoming and Montana sales, and each sale violated NEPA in the same way." *Id.* at 30.

Given the vagueness of the amended complaint, Plaintiffs' subsequent incorrect assertions, and the recently discovered record evidence indicating that BLM in fact applied the IM issued by the previous administration, No. 2016-143, Federal Defendants respectfully ask the Court to grant leave authorizing Federal Defendants to pursue a motion for reconsideration.

Respectfully submitted this 21st day of December, 2018.

> JEAN E. WILLIAMS
> Deputy Assistant Attorney General
> U.S. Department of Justice
> Environment and Natural Resources Division
>
> /s/ John S. Most
> JOHN S. MOST, Trial Attorney
> Natural Resources Section
> P.O. Box 7611, Washington, D.C. 20044
> 202-616-3353 || 202-305-0506 (fax)
> John.Most@usdoj.gov
>
> *Counsel for Federal Defendants*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing is being filed with the Clerk of the Court using the CM/ECF system, thereby serving it on all parties of record on December 21, 2018.

/s/ *John S. Most*

JOHN S. MOST
*Counsel for Defendants*