Adrian A. Miller
Michelle M. Sullivan
Sullivan Miller Law
3860 Avenue B, Suite C East
Billings, MT 59102
(406)-403-7066 (phone)
adrian.miller@sullivanmiller.com
michelle.sullivan@sullivanmiller.com

Bret Sumner, CO Bar No. 38339
Beatty & Wozniak, P.C.
216 16th Street, Suite 1100
Denver, CO  80202-5115
(303) 407-4499 (phone)
(800) 886-6566 (fax)
bsumner@bwenergylaw.com

*Counsel for Defendant- Intervenor Western Energy Alliance*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| **MONTANA WILDLIFE,** *et al.*, | |
| Plaintiffs, | Case No. 4:18-cv-00069-BMM |
| v. | |
| **RYAN K. ZINKE,** Secretary of the Interior, *et al.*, | **JOINT MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION** |
| Defendants, | |
| **WESTERN ENERGY ALLIANCE**, | |
| Defendant-Intervenor. | |

Defendant-Intervenor Western Energy Alliance (Alliance) respectfully

moves the Court for leave to file a Motion for Reconsideration of the Court's

Order [Dkt. 62] denying Federal Defendants' Motion to Sever and Transfer Wyoming and Nevada Claims (Motion) [Dkt. 20] pursuant to L.R. 7.3. The State of Wyoming joins this Motion. The Court should grant Alliance's Motion because the facts are materially different than the facts presented to the Court before entry of the Order. Despite the exercise of due diligence, Alliance was not aware of the Plaintiffs' (and the Court's) expansive interpretation of the Plaintiffs' claims as a broad programmatic challenge, rather than the individual challenges to each distinct BLM lease sale.

Alternatively, Alliance requests the Court exercise its considerable discretion and grant leave to file a Motion for Reconsideration under Fed. R. Civ. P. 59(e) to correct manifest errors due to Plaintiffs' misstatements regarding the Montana Lease Sales. *See Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003)

## RULE 7.1 CERTIFICATION

Pursuant to Local Rule 7.1, opposing counsel has been contacted regarding the motion. Counsel for the Federal Defendants consents to the relief requested in the motion, and Counsel for the State of Wyoming joins in the motion. Counsel for Plaintiffs opposes WEA's motion.

## ARGUMENT

In the Court's Order denying Federal Defendants' Motion, the Court found

that "Plaintiffs do not challenge the individual leasing decisions. Plaintiffs instead bring a facial challenge to the Zinke Memo and the 2018 IM with separate as-applied challenges that involve the lease sales in three states." Dkt. 62 at 9. Significantly, Plaintiffs misstated their claims as to the Montana lease sales as relying on the so-called "National Directives." In fact, none of the challenged decisions on the Montana lease sales relied on IM 2018-026. Thus, this Court should grant Alliance's Motion for Reconsideration.

    I.      Plaintiffs Mischaracterized the Montana Lease Sale Decisions as Relying on the "National Directives"

The Court should grant Alliance's motion because Plaintiffs mischaracterized the nature of their claims regarding the December 2017 and March 2018 Montana lease sale decisions. Based on the Complaint and statements that Plaintiffs made in their response to Federal Defendants' Motion to Sever and Transfer, this Court found that "Plaintiffs allege that the lease sales at issue violate FLPMA because they follow the Zinke Memo and the 2018 IM." Dkt. 62 at 9.

Plaintiffs repeatedly made statements that support this Court's finding. Dkt. 40 at 19 ("And because BLM's decisions all follow the National Directives, Plaintiffs' claims are intertwined and allege the same flaws in every lease sale."); *Id.* at 30 ("BLM relied on the same National Directives for the Nevada, Wyoming and Montana sales, and each sale violated NEPA in the same way.")

Contrary to Plaintiffs assertions, none of the Montana lease sale decisions relied on IM 2018-026. As Alliance subsequently discovered during discussions with Plaintiffs' Counsel on a proposed schedule for this case, BLM did not actually rely on the 2018 IM for either of the Montana Lease Sales. Although BLM issued the 2018 IM in December 27, 2017, none of the Montana lease sale decisions relied on the 2018 IM's prioritization requirements in determining which parcels to offer for sale. *See* Exhibit A, BLM Protest Decision in Response to The Wilderness Society Protest at 12 (noting that the "Washington Office (WO) Instruction Memorandum (IM) 2018-026 was not issued until December 27, 2017, and was not in effect during parcel prioritization for this sale.").

Thus, Plaintiffs' representation, on which the Court relied, that it was challenging a single national decision, is not true. Alliance was without this knowledge at the time it briefed the Motion to Sever and Transfer. This Court should grant Alliance's Motion to allow the parties to completely and accurately address this issue as it applies to the Motion to Sever and Transfer to avoid manifest error.

II.    The Court Erred in Finding That Plaintiffs Do Not Bring Challenges to the Individual Lease Sales

The Court should also grant this Motion for Leave, because, in part due to the Plaintiffs' misrepresentations, the Court misunderstood Plaintiffs' claims. A fundamental premise of the Court's Order is that Plaintiffs did not bring individual

challenges to each individual lease sale. Dkt. 62 at 9. This is materially different than the facts before the Court.

Three of Plaintiffs' claims plainly challenge the individual leasing decisions made in each State. Plaintiffs' Third, Fourth, and Fifth Claims for Relief allege violations of NEPA for BLM's individual leasing decisions related to BLM's duties to consider a reasonable range of alternatives, to analyze and disclose reasonably foreseeable impacts, and to analyze and disclose cumulative impacts—challenges that are separate and apart from Plaintiffs claims arising from IM 2018-026 and the Zinke Memorandum.

Thus, contrary to the Court's finding, this case is distinguishable from *Western Organization of Resource Councils v. U.S. Bureau of Land Management*, 2017 WL 374705. Here, Plaintiffs' NEPA claims arise from separate agency decisions made, not by the BLM National Office on a single administrative record, but by individual BLM field offices from each respective State.

This Court should grant the Alliance's leave to file the proposed Motion for Reconsideration because Plaintiffs' Complaint is materially different from the complaint characterized in the Court's Order. Alternatively, the Court should grant leave to correct manifest error.

## CONCLUSION

This Court relied on Plaintiffs' statements that their challenges to the lease sales were identical in finding that, rather than bringing separate lease sale challenges, "Plaintiffs . . . bring a facial challenge to the Zinke Memo and the 2018 with separate as-applied challenges that involve the lease sales in three states." Dkt. 62 at 9. Therefore, good cause exists to grant this Motion either under Local Rule 7.3 or to avoid manifest error under Fed. R. Civ. P. 59(e).

Thus, Alliance respectfully requests the Court grant this motion and allow it to file a Motion for Reconsideration of the Order denying Federal Defendants' Motion to Sever and Transfer Wyoming and Nevada Claims.

Dated this 21st day of December, 2018.

FOR DEFENDANT-INTERVENOR
WESTERN ENERGY ALLIANCE

*/s/ Bret Sumner*
Bret Sumner, CO Bar No. 38339
(admitted pro hac vice)
Beatty & Wozniak, P.C.
216 16th Street, Suite 1100
Denver, CO  80202-5115
(303) 407-4499 (phone)
(800) 886-6566 (fax)
bsumner@bwenergylaw.com

Adrian A. Miller
Michelle M. Sullivan
Sullivan Miller Law PLLC
3860 Avenue B
Suite C East

Billings, Montana 59102
(406) 403-7066 (phone)
(406) 294-5702 (fax)
adrian.miller@sullivanmiller.com
michelle.sullivan@sullivanmiller.com

FOR DEFENDANT-INTERVENOR
STATE OF WYOMING

*/s/ Adrian A. Miller*
Adrian A. Miller
Michelle M. Sullivan
Sullivan Miller Law PLLC
3860 Avenue B
Suite C East
Billings, Montana 59102
(406) 403-7066 (phone)
(406) 294-5702 (fax)
adrian.miller@sullivanmiller.com
michelle.sullivan@sullivanmiller.com

Erik E. Petersen, WSB No. 7-5680
Michael M. Robinson WSB No. 6-2658
Wyoming Attorney General's Office
2320 Capitol Ave
Cheyenne, WY 82002
307-777-6946 (phone)
(307)777-3542 (fax)
erik.petersen@wyo.gov
mike.robinson@wyo.gov

## CERTIFICATE OF SERVICE

I hereby certify that on December 21, 2018, the foregoing was served by the Clerk of the U.S. District Court of Montana, Missoula Division, through the Court's CM/ECF system, which sent a notice of electronic filing to all counsel of record.

*/s/ Bret Sumner*