JEAN E. WILLIAMS,
Deputy Assistant Attorney General
United States Department of Justice
Environment and Natural Resources Division

JOHN S. MOST,
Natural Resources Section
P.O. Box 7611
Washington, D.C. 20044
202-616-3353 || 202-305-0506 (fax)
John.Most@usdoj.gov

*Counsel for Defendants*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| MONTANA WILDLIFE FEDERATION, *et al.* | CV 18-69-GF-BMM |
| Plaintiffs, | **FEDERAL DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO RESPOND TO FORTHCOMING MOTIONS FOR RECONSIDERATION** |
| v. | |
| DAVID L. BERNHARDT, Acting Secretary of the Interior, *et al.* | |
| Federal Defendants, | |
| and | |
| STATE OF WYOMING, WESTERN ENERGY ALLIANCE, | |
| Intervenor-Defendants. | |

1

Federal Defendants file this brief in partial opposition to Plaintiffs' January 23, 2019 Motion for Leave to Respond to Motions for Reconsideration and for Briefing Schedule. ECF No. 71. Plaintiffs seek: (1) entry of a scheduling order for the forthcoming motions for reconsideration; and (2) permission to file a response to those motions. The latter is not permitted under local rule 7.3 unless the Court specifically authorizes it, something that has not occurred here. *See* L.R. 7.3(d) ("Unless the presiding judge orders a response, no response may be filed to a motion seeking reconsideration of an interlocutory order").

Federal Defendants have no objection to the deadline Plaintiffs have requested for Federal Defendants' motion for reconsideration of the Court's November 6, 2018 transfer ruling (ECF No. 62), that is, 28 days from the end of the partial government shutdown. They take this position recognizing that resolution of the reconsideration motions is an essential step in advancing this case to the merits phase. However, Federal Defendants do object to Plaintiffs' filing a brief in response to the forthcoming motions for reconsideration because such a brief would be unhelpful, the local rule presumptively disallows it, and plaintiffs have shown no good reason for it.

As Federal Defendants pointed out in their motion for leave to seek reconsideration, ECF No. 67, the environmental assessments ("EAs") supporting three of the four Montana leasing decisions challenged in this case (i.e., Miles City,

2

Billings, and HiLine) all state that BLM, in conducting its prioritization review, did so by applying IM 2016-143. *See* Ex 1 (excerpts of Billings EA) at 7; Ex. 2 (excerpts of Miles City EA) at 6; Ex. 3 (excerpts of HiLine EA), Appendix E at 1. IM 2016-143 was the policy guidance on sage-grouse prioritization prepared by the previous administration, which predated what the amended complaint refers to as the "national Interior Department directives." ECF No. 19 ¶¶ 3, 4. Federal Defendants also noted that the EA supporting the fourth Montana leasing decision challenged in this case (i.e., Butte), made no mention of applying any prioritization guidance at all, because the relevant parcels did not contain designated sage-grouse habitat. *See* Ex. 4 (excerpts of Butte EA) at 6 (noting that the EA tiers to the 2009 Butte Approved Resource Management Plan and not to any of the 2015 RMP amendments or revisions undertaken to address sage-grouse conservation and other matters). Finally, Federal Defendants noted that BLM had expressly stated – in its response to a lease sale protest filed pre-complaint by Plaintiff Wilderness Society – that IM 2018-026 was not in effect at the time when the agency completed its parcel prioritizations. *See* Ex. 5 at 12.

In seeking permission to respond to the forthcoming motions, Plaintiffs now argue that, even though IM 2018-026 was not in effect during parcel prioritizations for the Montana lease sales, a memorandum from then-Secretary Zinke, issued prior to IM 2018-026, "*was followed* [by BLM] in the Montana lease sales." ECF

3

No. 72 at 6 (emphasis added). In an attempt to support this claim, Plaintiffs cite only to *their own statements*, as they appear in the parties' Joint Motion for Case Management Order. *Id*. Notably, Plaintiffs present no evidence that BLM did in fact rely on the Zinke memo or showing that BLM relied on any guidance *other than* IM 2016-143 (i.e., the previous administration's prioritization guidance). In short, they provide no valid reason for allowing a response to the forthcoming motions for reconsideration.

In the meantime, Federal Defendants note that the parties' Joint Case Management Proposal, filed December 19, 2018, is currently pending before the Court. That proposal assumed that claims challenging leasing decisions in Wyoming and Nevada would not be transferred. It was filed two days before Federal Defendants sought leave to seek reconsideration and twenty seven days before the Court granted leave. ECF No. 69 (Jan. 15, 2019). Federal Defendants respectfully ask the Court to refrain from entering any case management order until the reconsideration motions are resolved.

Respectfully submitted this 1st day of February, 2019.

                                                       JEAN E. WILLIAMS
Deputy Assistant Attorney General
U.S. Department of Justice
Environment and Natural Resources Division

                                                       /s/ John S. Most
JOHN S. MOST, Trial Attorney

Natural Resources Section
P.O. Box 7611, Washington, D.C. 20044
202-616-3353 || 202-305-0506 (fax)
John.Most@usdoj.gov

*Counsel for Federal Defendants*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing is being filed with the Clerk of the Court using the CM/ECF system, thereby serving it on all parties of record on February 1, 2018.

/s/ *John S. Most*
JOHN S. MOST
*Counsel for Defendants*

5