**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**GREAT FALLS DIVISION**

| | |
|---|---|
| **MONTANA WILDLIFE FEDERATION**, *et al.*, | **CV-18-69-GF-BMM** |
| Plaintiffs, | |
| vs. | **ORDER** |
| **DAVID BERNHARDT**, in his official capacity as Secretary of the Interior, *et al.*, | |
| Defendants, | |
| **WESTERN ENERGY ALLIANCE**, *et al.*, | |
| Defendant-Intervenors. | |

Anschutz Exploration Corporation ("AEC") have moved to intervene as of right pursuant to Federal Rule of Civil Procedure ("FRCP") 24(a), or in the alternative, permissively under FRCP 24(b). (Doc. 154.) The Montana Wildlife Federation, The Wilderness Society, National Audubon Society, and National Wildlife Federation (collectively "Plaintiffs") oppose AEC's Motion to Intervene. (Doc. 168.)

1

## BACKGROUND

The Bureau of Land Management ("BLM") issued IM 2018-026 ("2018 IM") in late 2017. (Doc. 155 at 7.) 2018 IM included a new set of procedures for BLM offices to follow when managing oil and gas lease sales in Wyoming starting June 2018. (*Id*.) The new set procedures attempt to prioritize oil and gas leasing outside of the greater sage grouse habitat, while allowing oil and gas leasing and development to move forward. (Doc. 61-1.)

AEC acts as an independent oil and gas exploration and development company with operations in Wyoming, Colorado, and Utah. (Doc. 155 at 7.) AEC remains involved in a drilling and development program that includes federal leases in the Powder River Basin located in Wyoming. (*Id.*) AEC is member of the Western Energy Alliance ("WEA"). (Doc. 168 at 10.) The Court granted the WEA to be a Defendant-Intervenor in July 2018. (Doc. 26.)

AEC acquired 17 leases at the BLM's June 2018 Wyoming lease sale under 2018 IM. (Doc. 168 at 9.)  AEC paid over $1 million for leases on about 24,000 acres. (Doc. 155 at 7.) AEC invested $1.5 million in preparing to acquire and analyze the development of the leaseholds. (*Id.*)

AEC used Baseline Minerals ("Baseline") as an agent to purchase the leases. (Doc. 168 at 9.) Plaintiffs sent Baseline a letter giving notice of the current lawsuit. (*Id*.) The notice letter explained that the Plaintiffs requested the leases be set aside

2

for violations of both the National Environmental Policy Act ("NEPA") and the Federal Land Policy and Management Act ("FLPMA"). (*Id.* at 9-10.) The letter recommended that Baseline defer making any expenditures in preparation for development of the leases until the litigation resolves. (*Id.* at 10.) The notice letter further requested that Baseline disclose the information and all material facts in the letter "to any persons or entities to which it transfers its rights regarding these leases." (*Id.*) Baseline transferred the leases to AEC two weeks after Plaintiffs provided the notice letter to Baseline. (*Id.*)

The Court issued an order in May 2020 directing BLM to cancel AEC's oil and gas leases in Wyoming because the 2018 IM and lease sales violated the FLPMA. (Doc. 147 at 32.) AEC now claims that it can join this litigation under one of three rationales.

First, AEC claims it is a required party under FRCP 19(a)(2). Second, it claims it is entitled to intervene as of right under FRCP 24(a). Third, it claims the Court should allow it to intervene under FRCP 24(b).

## LEGAL STANDARDS

FRCP 19(a)(2) states that if "a person has not been joined as required, the court must order that the person be made a party." Fed. R. Civ. P. 19(a)(2). The issue of a party's alleged indispensability "is sufficiently important that it can be raised at any stage of the proceedings—even *sua sponte*." *Provident Tradesmens*

3

*Bank & Trust Co. v. Patterson*, 390 U.S. 102, 111 (1968). No precise formula

exists for determining whether a nonparty should be joined under FRCP 19(a).

*EEOC v. Peabody W. Coal Co.*, 610 F.3d 1070, 1081 (9th Cir. 2010). Facts and

circumstances of each case heavily influence whether a nonparty should be joined.

*Id.*

>FRCP 24 states as follows:
>
>(a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:
>  (1) is given an unconditional right to intervene by a federal statute; or
>
>  (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.
>
>(b) Permissive Intervention.
>
>  (1) In General. On timely motion, the court may permit anyone to intervene who:
>
>   (A) is given a conditional right to intervene by a federal statute; or
>
>   (B) has a claim or defense that shares with the main action a common question of law or fact
>
>                                    ***
>  (3) Delay or Prejudice. In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

Fed R. Civ. P. 24(a)-(b).

Courts generally construe FRCP 24(a) liberally in favor of intervention. *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011). FRCP 24(a) requires a movant to show that: "(1) the intervention application is timely; (2) the applicant has a significant protectable interest relating to the property or transaction that is the subject of the action; (3) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the existing parties may not adequately represent the applicant's interest." *Id.* Courts deciding motions to intervene as of right are "guided primarily by practical considerations, not technical distinctions." *See U.S. v. City of Los Angeles*, 288 F.3d 391, 397 (9th Cir. 2002) (stating that "equitable considerations" guide determination of motions to intervene as of right) (citation omitted). Nonetheless, the "[f]ailure to satisfy any one of the requirements is fatal to the application." *Perry v. Prop. 8 Official Proponents*, 587 F.3d 947, 950 (9th Cir. 2009).

FRCP 24(b) allows courts to grant permissive intervention where the applicant shows "(1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common." *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1308 (9th Cir. 1997). A finding of untimeliness defeats a motion for permissive intervention. *Id.* "A motion for permissive intervention

5

pursuant to [FRCP 24(b)] is directed to the sound discretion of the district court." *San Jose Mercury News, Inc. v. U.S. Dist. Court – N. Dist. (San Jose)*, 187 F.3d 1096, 1100 (9th Cir. 1999).

## DISCUSSION

### I.    AEC is not a required party under FRCP 19.

AEC argues that its lease interests render them required parties under FRCP 19(a)(1)(B)(i). (Doc. 155 at 3-4.) "An absent party's ability to protect its interest will not be impaired by its absence from the suit where its interests will be adequately represented by existing parties to the suit." *Alto v. Black*, 738 F.3d 1111, 1127 (9th Cir. 2013); *see also Salt River Project Agr. Imp. and Power Dist. v. Lee*, 672 F.3d 1176, 1180 (9th Cir. 2012). A present party adequately can represent the absent party when the present party "will undoubtedly make all of the absent party's arguments," the present party has capability and wants to make such arguments, and "the absent party would [not] offer any necessary element to the proceedings that the present parties would neglect." *Salt River*, 672 F.3d at 1180.

AEC's ability to protect its interest is unimpaired because WEA already adequately represents AEC's interests. See WEA moved to intervene because it has an interest in maintaining "regulatory certainty" in BLM's oil and gas leasing program. (Doc. 18 at 8.) WEA describes itself as "a trade association representing the interests of its member companies on federal public lands." (*Id.* at 7-8.) WEA

6

intervened to protect the economic interests of its members in the leasing and development of oil and gas resources on public lands. (Doc. 17 at 2.)

AEC and WEA naturally share the same objective in this lawsuit because AEC is one of WEA's member companies. *See W. Watersheds Project et al. v. Zinke et al.*, No. 1:18-cv-00187-REB, Limited Memorandum Decision and Order, at 9 (D. Idaho, July 24, 2020). AEC and WEA both wish the Court to uphold the validity of the contested lease sales and avoid lease vacatur. WEA has protected AEC's economic interests in the oil and gas lease agreements with BLM during litigation. WEA diligently has represented AEC's interests as evidenced by its efforts to sever and transfer certain claims made by Plaintiffs (Doc. 31), by moving for summary judgment while opposing Plaintiffs' Motion for Summary Judgment (Doc. 114), and by filing responses and motions for reconsideration on behalf of its member companies. (Doc 68.) WEA can be expected to continue adequately representing AEC's interests in this action and on appeal. The Court can resolve this action without AEC as a party because case resolution will not impair or impede WEA's ability to protect AEC's interests. *See Alto*, 738 F.3d at 1127. FRCP 19(a)(1)(B)(i) does not require AEC to intervene.

## II.    AEC does not have a right to intervene under FRCP 24(a).

Plaintiffs argue that AEC cannot intervene because AEC made an untimely motion and WEA already adequately represents its interests. (Doc. 168 at 23.) The Court agrees.

Timeliness depends on three factors: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *United States v. Alisal Water Corp.*, 370 F.3d 915, 921 (9th Cir. 2004). Each of these factors weigh against intervention.

First, this case began more than two years ago. In that time, the Court has permitted several parties to intervene, denied Federal Defendants' motion to sever the seven out-of-state claims (Doc. 62), denied Federal Defendants' Motion for Reconsideration (Doc. 96), and denied, in part, and granted, in part, motions for summary judgment (Doc. 147.) The parties and the Court have completed most of the litigation for this case as the appeal progresses forward. This portion of the case remains in its ending stages. The Court deems intervention unnecessary because when a court and parties have "covered a lot of legal ground together . . . [in] substantively and substantially engag[ing] the issues in this case," intervention under FRCP 24(a) is disfavored. *See League of United Latin American Citizens*, 131 F.3d at 1303.

8

Second, allowing AEC to intervene for the purposes of a Phase One appeal would not only mean additional parties and briefing for Plaintiffs to address on appeal, but also possible additional arguments not presented to or ruled upon by the Court to date. If the Court permits intervention, these concerns may materialize in redundant arguments all to Plaintiffs' prejudice.

Third, AEC did not assert that it was a necessary party or seek to intervene during two years of litigation despite being aware of the case. AEC stood by while WEA intervened and opposed Plaintiffs' claims to protect the lease interests of its members. *See W. Watersheds Project et al.* at 11-12. Only when the Court issued its May 22, 2020, summary judgment decision vacating the leases did AEC reverse course and move to intervene. (Doc. 154.) That AEC may have believed that the Court would not cancel the Phase One leases does not toll the time for AEC to seek intervention until the Court actually issued its order. *See Alaniz v. Tillie Lewis Foods*, 572 F.2d 657, 659 (9th Cir. 1978) (holding appellants should have joined the negotiations before the suit settled to protect their interests). AEC's reasons for its delay to intervene falls short. All three factors together reveal AEC's Motion to Intervene proves untimely.

WEA has represented and can be expected to adequately represent AEC's interests. *See supra.* WEA's interests in this action parallel those of its members. No indication or sensible reason exists to believe that WEA's defenses to

9

Plaintiffs' claims or its arguments on appeal would be opposed to AEC's interests. *See supra*. Further, WEA can make any reasonable argument that AEC would make if either were a party. WEA already has made reasonable arguments on behalf of AEC with the express assistance of AEC. *See id*. Nothing suggests that AEC would bring any essential element to the action that WEA would neglect or that WEA could not incorporate into its filings. AEC is not entitled to intervene as of right under FRCP 24(a) because the Court finds AEC's Motion to Intervene untimely, and that its interests are represented adequately by WEA regardless. *See generally W. Watersheds Project et al.*

### III.   AEC is not entitled to permissive intervention under FRCP 24(b).

"[A] finding of untimeliness defeats a motion for permissive intervention." *United States v. Washington*, 86 F.3d 1499, 1507 (9th Cir. 1996). The Court considers the same three factors in determining timeliness under FRCP 24(b) that it considered in determining timeliness under FRCP 24(a): (1) the stage of the proceedings; (2) the prejudice to existing parties; (3) and the length of and reason for the delay. *See Orange Co. v. Air California*, 799 F.2d 535, 539 (9th Cir. 1986). In the context of permissive intervention, however, the timeliness element is analyzed even more strictly than with intervention as of right. *See United States v. Oregon*, 745 F.2d 550, 552 (9th Cir. 1984). The Court's previous conclusion that

AEC's intervention motion is untimely remains controlling. *See League of United Latin American Citizens*, 131 F.3d at 1308.

AEC has failed to establish its entitlement to intervention as of right under a less stringent standard relating to timeliness. AEC's request for permissive intervention measured against the more stringent standard must be denied as untimely as well.

## ORDER

Accordingly, **IT IS ORDERED** AEC's Motion to Intervene (Doc. 154) is **DENIED**, in this part: AEC is not entitled to intervene to participate in Phase One's Appeal.

DATED this 18th day of August, 2020.


_____
Brian Morris, Chief District Judge
United States District Court