IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| **MONTANA WILDLIFE FEDERATION**, *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>**DAVID BERNHARDT**, in his official capacity as Secretary of the Interior, *et al.*,<br><br>Defendants,<br><br>**WESTERN ENERGY ALLIANCE**, *et al.*,<br><br>Defendant-Intervenors. | **CV-18-69-GF-BMM**<br><br>**ORDER** |

Anschutz Exploration Corporation ("AEC"), Peak Powder River Acquisitions ("PPRA"), and R&R Royalty ("RRR") have moved to intervene as of right pursuant to Federal Rule of Civil Procedure ("FRCP") 24(a), or in the alternative, permissively under FRCP 24(b). Docs. 282 & 284. AEC argues that it is a required party under FRCP 19(a). Doc. 282. The Montana Wildlife Federation, The

1

Wilderness Society, National Audubon Society, and National Wildlife Federation (collectively "Plaintiffs") oppose the Motions to Intervene. Docs. 287 & 288.

## BACKGROUND

Plaintiffs challenge the BLM's issuance of the 2018 Instruction Memorandum on Greater Sage Grouse conservation and subsequent oil and gas leasing decisions. The BLM amended ninety-eight federal land management plans for ten Western states in 2015. Doc. 19 at ¶¶ 2, 42-43; Doc. 21 at 13. Those resource management plan amendments represent BLM's effort to develop consistent "conservation measures for the protection of the greater-sage grouse and its habitat." *See* 76 Fed. Reg. 77,008, 77,009 (Dec. 9, 2011). The 2015 Plans designated lands as Priority Habitat Management Areas and General Habitat Management Areas ("Habitat Areas"). Doc. 40 at 10. Each plan directed BLM to prioritize oil and gas leasing outside these Habitat Areas to "limit future surface disturbance and encourage new development in areas that would not conflict with" the greater sage-grouse. Doc. 19 at ¶ 47.

BLM produced a 2018 Instruction Memorandum ("2018 IM") that removed the prioritization sequence. The 2018 IM specifically states that "the BLM does not need to lease and develop outside [Habitat Areas] before considering any leasing and development within [Habitat Areas]." BLM, Instruction Memorandum 2018-026, Implementation of Greater Sage Grouse Resource Management Plan Revisions

or Amendments—Oil & Gas Leasing and Development Prioritization Objective (Dec. 27, 2017), https://www.blm/gov/policy/im-2018-026. The Court vacated the 2018 IM and 8 lease sales in Montana, Nevada, and Wyoming. Doc. 147. Plaintiffs amended and supplemented their complaint to add six Montana and Wyoming oil and gas lease sales to those challenged in the First Amended Complaint. Doc. 263.

AEC acquired leases at the BLM's February 2019 Wyoming lease sale, September 2019 Wyoming lease sale, December 2019 Wyoming lease sale, and December 2020 Wyoming lease sale. Doc. 282 at 6-7. AEC paid about $4,300,000 to acquire the leases. *Id.* AEC is member of the Western Energy Alliance ("WEA"). Doc. 168 at 10. The Court granted WEA's motion to be a Defendant-Intervenor in July 2018. Doc. 26. The Court denied AEC's untimely motion for intervention in Phase One of this litigation. Doc. 185.

PPRA acquired three leases at the December 2020 Wyoming lease sale. Doc. 284 at 7. PPRA paid $943,700 to acquire the leases. *Id.*

RRR acquired nineteen leases at the December 2019 Wyoming lease sale, twenty-nine leases at the December 2020 Wyoming lease sale, and twelve leases at the March 2019 Montana lease sale. *Id.* at 8-9. RRR paid $3,079,338 to acquire the leases. *Id.*

## LEGAL STANDARD

FRCP 19(a)(2) states that if "a person has not been joined as required, the court must order that the person be made a party." Fed. R. Civ. P. 19(a)(2). The issue of a party's alleged indispensability "is sufficiently important that it can be raised at any stage of the proceedings—even *sua sponte*." *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 111 (1968). No precise formula exists for determining whether a nonparty should be joined under FRCP 19(a). *EEOC v. Peabody W. Coal Co.*, 610 F.3d 1070, 1081 (9th Cir. 2010). Facts and circumstances of each case heavily influence whether a nonparty should be joined. *Id.*

FRCP 24 states as follows:

(a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:
   (1) is given an unconditional right to intervene by a federal statute; or
   (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

(b) Permissive Intervention.
   (1) In General. On timely motion, the court may permit anyone to intervene who:
      (A) is given a conditional right to intervene by a federal statute; or
      (B) has a claim or defense that shares with the main action a common question of law or fact

Fed R. Civ. P. 24(a)-(b).

Courts generally construe FRCP 24(a) liberally in favor of intervention. *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir.

2011). FRCP 24(a) requires a movant to show that: "(1) the intervention application is timely; (2) the applicant has a significant protectable interest relating to the property or transaction that is the subject of the action; (3) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the existing parties may not adequately represent the applicant's interest." *Id.* Courts deciding motions to intervene as of right are "guided primarily by practical considerations, not technical distinctions." *See U.S. v. City of Los Angeles*, 288 F.3d 391, 397 (9th Cir. 2002) (stating that "equitable considerations" guide determination of motions to intervene as of right) (citation omitted). Nonetheless, the "[f]ailure to satisfy any one of the requirements is fatal to the application." *Perry v. Prop. 8 Official Proponents*, 587 F.3d 947, 950 (9th Cir. 2009).

FRCP 24(b) allows courts to grant permissive intervention where the applicant shows "(1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common." *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1308 (9th Cir. 1997). "A motion for permissive intervention pursuant to [FRCP 24(b)] is directed to the sound discretion of the district court." *San Jose Mercury News, Inc. v. U.S. Dist. Court – N. Dist. (San Jose)*, 187 F.3d 1096, 1100 (9th Cir. 1999).

## DISCUSSION

### I. AEC is not a required party under FRCP 19.

AEC argues that its lease interests render them required parties under FRCP 19(a)(1). (Doc. 282 at 3-4.) "[A]n absent party's ability to protect its interest will not be impaired by its absence from the suit where its interests will be adequately represented by existing parties to the suit." *Alto v. Black*, 738 F.3d 1111, 1127 (9th Cir. 2013); *see also Salt River Project Agr. Imp. and Power Dist. v. Lee*, 672 F.3d 1176, 1180 (9th Cir. 2012). A present party adequately can represent the absent party when the present party "will undoubtedly make all of the absent party's arguments," the present party is capable of and wants to make such arguments, and "the absent party would [not] offer any necessary element to the proceedings that the present parties would neglect." *Shermoen v. United States*, 982 F.2d 1312, 1318 (9th Cir. 1992) (citation omitted).

AEC's ability to protect its interest is unimpaired because WEA adequately represents AEC's interests. WEA moved to intervene because it has an interest in maintaining "regulatory certainty" in BLM's oil and gas leasing program. Doc. 18 at 8. WEA describes itself as "a trade association representing the interests of its member companies on federal public lands." *Id.* at 7-8. WEA intervened to protect the economic interests of its members in the leasing and development of oil and gas resources on public lands. Doc. 17 at 2.

AEC and WEA naturally share the same objective in this lawsuit because AEC is one of WEA's member companies. *See W. Watersheds Project v. Zinke*, No. 1:18-cv-00187-REB, Limited Memorandum Decision and Order, at 9 (D. Idaho, July 24, 2020). AEC and WEA both seek to have the Court to uphold the validity of the contested lease sales and avoid lease vacatur. WEA has protected AEC's economic interests in the oil and gas lease agreements with BLM during litigation. AEC provides no argument disputing that the WEA fails to promote its interest.

**II.  AEC, PPRA, and RRR do not have a right to intervene under FRCP 24(a).**

Plaintiffs do not contest that AEC, PPRA, and RRR meet the requirements of Rule 24(a)(2) that the motion be timely and that the movant have a protectable interest in the subject of the action. Plaintiffs argue that WEA adequately represents the AEC, PPRA, and RRR's interests. AEC, PPRA, and RRR respond that the unique locations of their leases will defeat Plaintiff's arguments that BLM failed to prioritize leases outside of Habitat Areas.

Plaintiffs have the better argument. WEA has represented and can be expected to adequately represent AEC, PPRA, and RRR's interests. WEA's interests in this action parallel those of its members and similarly situated leaseholders. WEA already has made reasonable arguments on behalf of AEC with the express assistance of AEC. *See, e.g.*, Doc. 220 (arguing that "BLM Prioritized and Offered

7

Parcels for Competitive Sale Consistent with the 2015 [Greater Sage Grouse] Plans"). PPRA and RRR, likewise, have not established that either would bring an essential argument to the action that WEA would neglect or that WEA could not incorporate into its filings.

### III. AEC, PPRA, and RRR are entitled to permissive intervention under FRCP 24(b).

Nevertheless, because the AEC, PPRA, and RRR's motions to intervene are timely and AEC, PPRA, and RRR have an interest in keeping the BLM's leasing decisions in place, and, therefore, have a "defense that shares with the main action a common question of law or fact," FRCP 24(b)(1)(B), the Court will grant permissive intervention. To prevent excessive briefing in this case, however, the AEC, PPRA, and RRR will submit joint motions and memoranda with the WEA. *See Ctr. for Biological Diversity v. U.S. Env't Prot. Agency*, CV-20-00555- DCB, 2021 WL 2474511, at *2 (D. Ariz. May 10, 2021) (requiring multiple pesticide company intervenors to file joint briefs in case challenging EPA pesticide registration decision); *Ellis v. Bradbury*, No. C-132-1266 MMC, 2013 WL 4777201, at *2 (N.D. Cal. Sept. 6, 2013) (same for pesticide company intervenors and trade association intervenor); *Earthworks v. U.S. Dep't of the Interior*, No. 09-1972, 2010 WL 3063139, at *2 (D.D.C. Aug. 3, 2010) (requiring mining company intervenors and trade association intervenors to file joint briefs "to prevent excessive briefing in this

8

case"); *Cal. Sea Urchin Comm'n v. Jacobson*, CV 13-5517 DMG (CWx), 2013 WL 12114517, at *6 (C.D. Cal. Oct. 2, 2013) (joint briefing required for multiple conservation group intervenors).

## ORDER

Accordingly, **IT IS ORDERED** AEC's Motion to Intervene (Doc. 281) and PPRA and RRR's Motion to Intervene (Doc. 283) are **GRANTED**; and **IT IS FURTHER ORDERED** that AEC, PPRA, and RRR shall submit joint motions and memoranda with WEA in the course of briefing in Phase Three.

DATED this 7th day of October, 2020.

Brian Morris, Chief District Judge
United States District Court