# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| MONTANA WILDLIFE FEDERATION; THE WILDERNESS SOCIETY; NATIONAL AUDUBON SOCIETY; NATIONAL WILDLIFE FEDERATION; and MONTANA AUDUBON, <br><br>       Plaintiffs, <br><br> v. <br><br>DAVID BERNHARDT, in his official capacity as Secretary of the Interior; DONATO JUDICE, in his official capacity as Montana Bureau of Land Management Deputy State Director; UNITED STATES BUREAU OF LAND MANAGEMENT; and UNITED STATES DEPARTMENT OF THE INTERIOR, <br><br>       Defendants, <br><br><br>WESTERN ENERGY ALLIANCE; ANSCHUTZ EXPLORATION CORPORATION, INC.; PEAK POWDER RIVER ACQUISITIONS, LLC; R&R ROYALTY, LTD.; CONTINENTAL RESOURCES, LLC; and CHESAPEAKE EXPLORATION, LLC, <br><br>       Intervenor-Defendants. | **CV-18-69-GF-BMM** <br><br> **ORDER** |

## INTRODUCTION

Jonah Energy, LLC ("Jonah Energy"), has moved to intervene as a defendant in this action. (Doc. 399.) Plaintiffs Montana Wildlife Federation, the Wilderness Society, National Audubon Society, National Wildlife Federation, and Montana Audubon (collectively "Plaintiffs") oppose the motion. (Doc. 401.) The Court previously has allowed Western Energy Alliance ("WEA"), Anschutz Exploration Corporation, Inc. ("AEC"), Peak Powder River Acquisitions, LLC ("PPRA"), R&R Royalty, Ltd. ("R&R Royalty"), Continental Resources, LLC ("Continental"), and Chesapeake Exploration, LLC ("Chesapeake"), to intervene as Defendants in this action. (Doc. 365; Doc. 305.) The Court will grant Jonah Energy's motion to intervene for the reasons discussed below.

## FACTUAL AND LEGAL BACKGROUND

Plaintiffs challenge the Bureau of Land Management's ("BLM") issuance of the 2018 Instruction Memorandum on Greater Sage Grouse conservation ("2018 IM") and subsequent oil and gas leasing decisions. The Court explained the background of this case in depth in the Phase One and Phase Two summary judgment orders. (Doc. 147 at 1–13; Doc. 335 at 1–3.) The Court will assume

familiarity with the prior decisions and will summarize only the outcome of those decisions here.

The Court vacated the 2018 IM and three lease sales in Montana and Wyoming for violating Federal Land Policy and Management Act ("FLPMA") in the Phase One order. (*Id.* at 32.) The 2018 IM directed BLM staff to disregard BLM's 2015 Resource Management Plans' ("2015 Plans") prioritization requirements for fluid mineral leasing in Sage Grouse habitat. BLM-IM026-001071 (Instruction Memorandum 2018-026 (Dec. 27, 2017)). The 2018 IM stated that prioritization would apply only where a "backlog" of leasing requests exists. *Id.* The Court determined that the direction to apply leasing prioritization only where a backlog of leasing proposals exists violated FLPMA because "[t]he 2015 Plans do not say that BLM will prioritize non-Sage Grouse habitat in *some* of its decisions. The backlog limitation provides for precisely that result." (*Id*. at 21 (emphasis added)).

The Court also determined that the 2018 IM unreasonably misconstrued the purpose of the 2015 Plans' prioritization requirement and rendered "the prioritization requirement into a mere procedural hurdle." (Doc. 147 at 23-24.) Such an interpretation conflicts with U.S. Fish and Wildlife Service's ("FWS") understanding of the requirement when it declined to list the Sage Grouse under the Endangered Species Act ("ESA"). (*Id.*) The 2018 IM asserted that "BLM does not

need to lease and develop outside of [Sage Grouse] habitat management areas before considering any leasing and development within [Sage Grouse] habitat." BLM-IM026-001071 (Instruction Memorandum 2018-026 (Dec. 27, 2017)). The 2018 IM thus ignored the goals of prioritization—to refrain from listing the Greater Sage Grouse under the ESA—by failing to "further limit future surface disturbance and encourage new development in areas that would not conflict with" Sage Grouse habitat. WY072017.

The Court determined that the three lease sales at issue in Phase One also violated FLPMA for failing to properly implement the 2015 Plans' priority requirement. (Doc. 147 at 30–31.) The Court pointed to the Wyoming lease sale's direct reliance on the 2018 IM, and the BLM's statements in the Montana lease sales indicating that it did not apply the prioritization criteria. (*Id.* at 26–27.) The Court also determined that BLM's failure to apply the prioritization requirement violated FLPMA regardless of whether the agency purported to follow the 2016 IM or the 2018 IM. (*Id.* at 27.)

Phase Two consisted of the five remaining lease sales listed in Plaintiffs' First Amended Complaint: the December 2017, March 2018, and June 2018 Nevada lease sales, and the December 2017 and March 2018 Wyoming lease sales. (Doc. 19 ¶¶

4

68–82.) The Court determined that those lease sales also violated FLPMA for failing to properly implement the 2015 Plans' priority requirement.

Phase Three consists of six Montana and Wyoming lease sales that were added in Plaintiffs' Second Amended and Supplemental Complaint: The lease sales at issue are March and December 2019 Montana lease sales, February, September and December 2019 Wyoming lease sales, and the December 2020 Wyoming lease sale. (Doc. 263.)

## LEGAL STANDARD

FRCP 19(a)(2) states that if "a person has not been joined as required, the court must order that the person be made a party." Fed. R. Civ. P. 19(a)(2). The issue of a party's alleged indispensability "is sufficiently important that it can be raised at any stage of the proceedings—even *sua sponte*." *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 111 (1968). No precise formula exists for determining whether a nonparty should be joined under FRCP 19(a). *EEOC v. Peabody W. Coal Co.*, 610 F.3d 1070, 1081 (9th Cir. 2010). Facts and circumstances of each case heavily influence whether a nonparty should be joined. *Id.*

FRCP 24 states as follows:

(a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:
   (1) is given an unconditional right to intervene by a federal statute; or
   (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may

>> as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.
> (b) Permissive Intervention.
>> (1) In General. On timely motion, the court may permit anyone to intervene who:
>>> (A) is given a conditional right to intervene by a federal statute; or
>>> (B) has a claim or defense that shares with the main action a common question of law or fact.

Fed R. Civ. P. 24(a)-(b).

Courts generally construe FRCP 24(a) liberally in favor of intervention. *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011). FRCP 24(a) requires a movant to show the following: "(1) the intervention application is timely; (2) the applicant has a significant protectable interest relating to the property or transaction that is the subject of the action; (3) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the existing parties may not adequately represent the applicant's interest." Id. Courts deciding motions to intervene as of right are "guided primarily by practical considerations, not technical distinctions." *See U.S. v. City of Los Angeles*, 288 F.3d 391, 397 (9th Cir. 2002) (stating that "equitable considerations" guide determination of motions to intervene as of right) (citation omitted). Nonetheless, the "[f]ailure to satisfy any one of the requirements is fatal to

the application." *Perry v. Prop. 8 Official Proponents*, 587 F.3d 947, 950 (9th Cir. 2009).

FRCP 24(b) allows courts to grant permissive intervention where the applicant shows "(1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common." *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1308 (9th Cir. 1997). "A motion for permissive intervention pursuant to [FRCP 24(b)] is directed to the sound discretion of the district court." *San Jose Mercury News, Inc. v. U.S. Dist. Court – N. Dist.*, 187 F.3d 1096, 1100 (9th Cir. 1999).

## DISCUSSION

Jonah Energy purchased eight oil and gas leases in one of the 2019 Wyoming lease sales at issue in Phase Three of this litigation. (*See* Doc. 400 at 6.) Jonah Energy filed a motion to intervene in the Phase Three proceedings. (Doc. 399.) Plaintiffs do not oppose intervention on the condition that Jonah Energy files joint briefs with WEA. The Court determines that Jonah Energy should be granted intervention as a matter of right. Fed R. Civ. P. 24(a). Jonah Energy meets the requirements for intervention as a matter of right, as set forth in the Court's July 5, 2022 Order (Doc. 365), the Ninth Circuit's direction to the Court with respect to AEC, and the Ninth

Circuit's order with respect to Chesapeake's intervention in *Western Watersheds Project v. Haaland*, 22 F.4th 828 (9th Cir. 2022).

The Court has required all other companies intervening in Phase Three to file joint briefs with WEA. (Doc. 365 at 19 (Continental and Chesapeake); Doc. 305 at 8–9 (AEC, PPRA, and R&R Royalty).) To prevent excessive briefing in this case, the Court will require Jonah Energy to submit joint motions and memoranda with other industry-interveners in the Phase Three summary judgment motions. *See Ctr. for Biological Diversity v. EPA*, CV-20-00555- DCB, 2021 WL 2474511, at *2 (D. Ariz. May 10, 2021) (requiring multiple pesticide company intervenors to file joint briefs in case challenging EPA pesticide registration decision); *Ellis v. Bradbury*, No. C-132-1266 MMC, 2013 WL 4777201, at *2 (N.D. Cal. Sept. 6, 2013) (same for pesticide company intervenors and trade association intervenor); *Earthworks v. U.S. Dep't of the Interior*, No. 09-1972, 2010 WL 3063139, at *2 (D.D.C. Aug. 3, 2010) (requiring mining company intervenors and trade association intervenors to file joint briefs "to prevent excessive briefing in this case"); *Cal. Sea Urchin Comm'n v. Jacobson*, CV 13-5517 DMG (CWx), 2013 WL 12114517, at *6 (C.D. Cal. Oct. 2, 2013) (joint briefing required for multiple conservation group intervenors).

**ORDER**

Accordingly, **IT IS ORDERED:**

1. Jonah Energy's Motion to Intervene (Doc. 399) is **GRANTED in part.** Jonah Energy shall file joint motions and memoranda with industry-intervenor Defendants Chesapeake, Continental, AEC, Peak Powder River Acquisitions, R&R Royalty, and Western Energy Alliance in the course of briefing in Phase Three.

DATED this 26th day of April, 2023.

_____
Brian Morris, Chief District Judge
United States District Court