IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| MONTANA WILDLIFE FEDERATION et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>DOUGLAS BURGUM, et al.,<br>    Defendants. | CV-18-69-GF-BMM<br><br><br>ORDER ON<br><br>MOTION TO INTERVENE |

Applicant for intervention, Rockies Resources Holdings LLC ("Rockies Resources") moves to intervene as of right pursuant to Federal Rule of Civil Procedure 24(a)(2). (Doc. 435 at 10.) Plaintiffs do not oppose the motion. (Doc. 449.) Defendant-Intervenor Wyoming opposes the motion. (Doc. 448.) The Court previously has allowed Jonah Energy, LLC, Western Energy Alliance, Anschutz Exploration Corporation, Inc., Peak Powder River Acquisitions, LLC, R&R Royalty, Ltd., Continental Resources, LLC, and Chesapeake Exploration, LLC to intervene as Defendants in this action. (Docs. 305, 365, 378, 402.)

## BACKGROUND

Plaintiffs challenge the Bureau of Land Management's ("BLM") issuance of the 2018 Instruction Memorandum on Greater Sage Grouse conservation and

1

subsequent oil and gas leasing decisions in Nevada, Wyoming, and Montana. (Doc. 263.) The Court explained the background of this case in depth in the Phase One and Phase Two summary judgment orders. (Doc. 147 at 1–13; Doc. 335 at 1–3.) The Court will assume familiarity with the prior decisions.

Phase Three consists of six Montana and Wyoming lease sales that were added in Plaintiffs' Second Amended and Supplemental Complaint. (Doc. 263.) The lease sales at issue are March and December 2019 Montana lease sales, February, September, and December 2019 Wyoming lease sales, and the December 2020 Wyoming lease sale. (*Id.*) Rockies Resources acquired 31 leases for over $7 million dollars from the February 2019 and September 2019 Wyoming lease sales. (Doc. 435 at 6–7.) Rockies Resources alleges that challenges to the leases have frustrated its potential investment returns. (*Id*. at 5.)

Rockies Resources requested the BLM to cancel the challenged leases in 2021. (*Id.*) Rockies Resources also requested a refund of its purchase of the leases. (*Id.*) BLM has rejected the requests. (*Id.*) Plaintiffs filed a Second Amended and Supplemental Complaint in June 2021. (Doc. 263.) The Amended Complaint added challenges to leases sold in February 2019 and September 2019 Wyoming lease sales. (*Id.*) Rockies Resources filed a motion to seek leave to intervene in Phase Three of this litigation on September 10, 2025. (Doc. 434.)

## LEGAL STANDARD

Courts generally construe Federal Rule of Civil Procedure 24(a) liberally in favor of intervention. *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011). To intervene as of right under Rule 24(a)(2), an applicant must show that "(1) it has a significant protectable interest relating to the property or transaction that is the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent the applicant's interest." *In re Estate of Ferdinand E. Marcos Human Rights Litig.*, 536 F.3d 980, 984 (9th Cir. 2008). Courts deciding motions to intervene as of right are "guided primarily by practical considerations, not technical distinctions." *See U.S. v. City of Los Angeles*, 288 F.3d 391, 397 (9th Cir. 2002) (stating that "equitable considerations" guide determination of motions to intervene as of right) (citation omitted). Nonetheless, the "[f]ailure to satisfy any one of the requirements is fatal to the application." *Perry v. Prop. 8 Official Proponents*, 587 F.3d 947, 950 (9th Cir. 2009).

## DISCUSSSION

**I.    Rockies Resources maintains a right to intervene under Rule 24(a)**

Rockies Resources seeks to intervene to protect its interests in oil and gas leases in Wyoming. (Doc. 435 at 5.) Wyoming argues that Rockies Resources

3

cannot intervene because Rockies Resources made an untimely motion, that intervention proves unnecessary to protect Rockies Resources's interests, and intervention would also prejudice existing parties. (Doc. 448 at 3.)

### A. Rockies Resources Timely Moved for Intervention

Timeliness depends on three factors under the totality of the circumstances: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *United States v. Alisal Water Corp.*, 370 F.3d 915, 921 (9th Cir. 2004). "The 'stage of proceeding' factor uses a 'nuanced, pragmatic approach' to examine whether the district court has substantively—and substantially—engaged the issues in [the] case.'" *Kalbers v. U.S. Dep't of Just.*, 22 F.4th 816, 826 (9th Cir. 2021) (citation omitted). A court may consider the time elapsed since the proceeding's initiation, how much activity has yet occurred in the case, and whether the court has issued rulings in the case when analyzing the "stage of the proceeding" factor. *See Smith v. L.A. Unified Sch. Dist.*, 830 F.3d 843, 854 (9th Cir. 2016).

Wyoming suggests that *Garza v. County of Los Angeles*, 918 F.2d 763 (9th Cir. 1990) supports its contention that Rockies Resources made an untimely motion. (Doc. 448 at 7–9.) *Garza* dealt with a challenge to redistricting in a voting rights action. 918 F.2d at 765. An electoral candidate attempted to intervene in the action "[d]uring the remedial phase" of the case. *Id*. at 767, 777. The three month-

4

trial had already commenced. *Id*. The Ninth Circuit determined that the remedial phase failed to constitute a "new phase" in the case to justify intervention. Id. at 777. The "new phase" failed to "develop[] as a result of a change in the law or the factual circumstances." *Id*. Rather, "the new phase came about in the general progression of the case to a close." *Id*. The Ninth Circuit further concluded that "[i]ntroduction of a new party at that late stage could have resulted in irreversible prejudicial delay in a case where time was of the essence." *Id*.

In contrast, *Western Wastersheds Project* granted a lessee's motion to intervene in the first phase of a case that challenged BLM's issuance of oil and gas leases. 22 F.4th 828, 839 (9th Cir. 2022). The district court had divided the case into several phases. *Id*. at 834. The lessee sought to intervene after the district court had previously determined the merits of the first phase of the case. *Id*. The district court denied the motion to intervene. *Id*. The Ninth Circuit reversed on appeal. *Id*. at 842. The Ninth Circuit concluded that "the beginning of a 'new stage' in a case may be the appropriate time for a party to intervene." *Id*. at 839. The Ninth Circuit noted the "significant financial and property interests at stake." *Id*. at 838.

*Western Watersheds Project* controls the outcome here. Unlike the electoral candidate in *Garza* who attempted to intervene during the end stage of the proceedings, Rockies Resources seeks to intervene before the parties submit merits briefing in Phase Three of the case. 918 F.2d at 767; *see also Western Watersheds*

5

*Project*, 22 F.4th at 839. The Ninth Circuit formerly directed the Court to grant other parties leave to intervene in Phase One of the case. *Mont. Wildlife Fed'n*, 2022 WL 42794, at *2. The Court previously had issued a decision on the Phase One leases. *Id*. Rockies Resources attempts to intervene at an earlier stage in the Phase Three proceedings than previous intervenors. The Court has yet to engage substantially in the issues of the Phase Three proceedings. *Kalbers*, 22 F.4th at 826. Rockies Resources's motion to intervene in Phase Three of the proceedings proves excusable given that the claims that Rockies Resources seeks to intervene on "involves a discrete set of factual and legal issues whose resolution is procedurally distinct from [other] phases of the litigation." *Western Watersheds Project*, 22 F.4th at 837. Rockies Resources also has "significant financial and property interests at stake." *Id*. at 839.

The prejudice to the parties appears minimal. A "[m]ere lapse of time alone is not determinative." *Smith*, 830 F.3d at 854. Rather, "the only relevant 'prejudice' is 'that which flows from a prospective intervenor's failure to intervene after [it] knew, or reasonably should have known, that [its] interests were not being adequately represented." *Western Watersheds Project*, 22 F.4th at 838 (quoting *Smith*, 830 F.3d at 857). Rockies Resources requests to intervene in Phase Three of the proceedings to defend its interests in its 31 leases. The parties have yet to submit summary judgment briefing. To allow intervention at this point in the case

6

would not "result[] in irreversible prejudicial delay." *Garza*, 918 F.2d at 777. Rockies Resources's positions may also not undermine the positions of Defendants and Defendant-Intervenors. Rockies Resources contends that it would not challenge the legality of BLM's leasing decisions. Rockies Resources suggests instead that "it may file a motion for vacatur of the leases *without* a determination of the merits." (Doc. 453 at 12) (emphasis in the original). The Court has yet to determine the outcome of the leases as well. Given these facts, intervention at this time would likely not prejudice existing parties.

Rockies Resources sufficiently sets forth reasons for its delay, including that its rights under the leases have yet to be addressed in the litigation. (Doc. 435 at 13.) The totality of the circumstances demonstrate that Rockies Resources has timely moved to intervene. *Smith*, 830 F.3d at 854.

### B. Rockies Resources Presents a Significant Protectable Interest

Rockies Resources purchased 31 oil and gas leases at issue in Phase Three of this litigation. (Doc. 435 at 6–7.) Rockies Resources invested $7,277,000 in the leases. (*Id.* at 14.) The Ninth Circuit acknowledges that a lessee possesses a "substantial due process interest" in the outcome of litigation regarding its contractual oil and gas leases. *Mont. Widlife Fed'n v. Haaland*, 2022 WL 42794, at *2 (9th Cir. Jan. 5. 2022). Rockies Resources demonstrates that "it will suffer a practical impairment of its interests as a result of the pending litigation" based on

7

its investments in the leases. *City of Emeryville v. Robinson*, 621 F.3d 1251, 1259 (9th Cir. 2010) (quoting *State ex rel. Lockyer v. United States*, 450 F.3d 436, 441 (9th Cir. 2006)).

### C. Rockies Resources's absence from the proceedings will impair its ability to protect its interests, and the existing parties do not adequately represent Rockies Resources's interests

The Court considers three factors to determine whether existing parties will adequately represent the applicant for intervention's interests: "(1) whether the interest of a present party is such that it will undoubtedly make all the intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether the would-be intervenor would offer any necessary elements to the proceeding that the other parties would neglect." *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 822 (9th Cir. 2001). The burden to demonstrate that existing parties may not adequately represent a party's interests "is minimal and is satisfied if the applicant can demonstrate that representation of its interests 'may be' inadequate." *Helena Hunters & Anglers Ass'n v. Marten*, 2019 U.S. Dist. LEXIS 143056, at *6 (D. Mont. Aug. 22, 2019) (quoting *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003)).

Rockies Resources presents arguments unique to its investments in the February 2019 and September 2019 Wyoming lease sales. Rockies Resources demonstrates a time-value loss for its investments for the years of delay involving

8

litigation of the leases. Rockies Resources contends that it would seek to move separately for entry of a stipulation to vacate its leases. (Doc. 435 at 17.) Vacatur of the leases would potentially curtail Rockies Resources's ongoing financial losses. Rockies Resources's prove distinct from the interests of Wyoming. Wyoming challenges Rockies Resources's application for intervention based on Wyoming's potential loss of tax revenue. (Doc. 448 at 3.) Defendants and Intervenor-Defendants will likely not raise Rockies Resources's concerns in their Phase Three summary judgment motions. The interests of the parties similarly diverge given that the Defendants and Intervenor-Defendants contend that the Court should deny vacatur of the leases. Plaintiffs also would fail to represent the interests of Rockies Resources. Plaintiffs advocate for vacatur of all the leases. Rockies Resources would seek relief limited to its own Phase Three leases. Rockies Resources "demonstrates that representation of its interests 'may be' inadequate." *Helena Hunters & Anglers Ass'n*, 2019 U.S. Dist. LEXIS 143056, at *6.

## CONCLUSION

Rockies Resources satisfies all the requirements for intervention as of right. Fed. R. Civ. Pro. 24(a). Rockies Resources possesses a significantly protectable interest in the outcome of the litigation. *Mont. Widlife Fed'n*, 2022 WL 42794, at *2. Absence from the litigation would impair Rockies Resources's ability to

protect its interests. Existing parties may not adequately represent Rockies Resources's interests. *Sw. Ctr. for Biological Diversity*, 268 F.3d at 822.

Accordingly, **IT IS HEREBY ORDERED** that Rockies Resources's motion to intervene (Doc. 434) is **GRANTED**. The Clerk of Court shall file Rockies Resources's Proposed Answer as a separate docket entry. Rockies Resources shall follow the briefing schedule set forth in the Phrase Three Case Management Order. (Doc. 447.)

DATED this 10th day of December, 2025.

_____
Brian Morris, Chief District Judge
United States District Court