Adrian A. Miller
Michelle Millhollin
Millhollin Miller Law
2812 1st Ave. North, Suite 225
Billings, MT 59101
(406) 403-7066 (phone)
adrian.miller@millhollinmiller.com
michelle.millhollin@millhollinmiller.com

Bret Sumner, CO Bar No. 38339
(admitted pro hac vice)
Malinda Morain, CO Bar No. 46986
(admitted pro hac vice)
Beatty & Wozniak, P.C.
1801 California Street, Suite 3650
Denver, CO 80202
(303) 407-4499 (phone)
(800) 886-6566 (fax)
bsumner@bwenergylaw.com
mmorain@bwenergylaw.com

*Counsel for Defendant-Intervenor Western Energy Alliance*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| **MONTANA WILDLIFE FEDERATION,** *et al.*,<br><br>    Plaintiffs,<br>v.<br><br>**DOUGLAS BURGUM,** Secretary of the Interior, *et al.*,<br><br>    Defendants,<br><br>**WESTERN ENERGY ALLIANCE** and **STATE OF WYOMING,**<br><br>    Defendant-Intervenors. | Case No. 4:18-cv-00069-GF-BMM<br><br>**WESTERN ENERGY ALLIANCE'S MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION OF ORDER ON PHASE THREE SUMMARY JUDGMENT** |

## INTRODUCTION

Western Energy Alliance seeks leave of court to file a motion for reconsideration of the Court's June 12, 2026 Phase 3 Order to clarify that there are ten, not nine, producing leases.[1] Montana Local Rule 7.3 permits any party to seek leave to file a motion for reconsideration of any interlocutory order made by that judge on any ground. A motion for leave to file a motion for reconsideration must show that "the facts . . . are materially different from the facts . . . that the parties presented to the court before entry of the order for which reconsideration is sought" or "new material facts emerged . . . after entry of the order." L.R. 7.3 (b)(1)(A), (2). Additionally, Federal Rule of Civil Procedure 60 allows the Court to correct mistakes arising from oversight or omission and to relieve a party of a final judgment or order for mistake.

Reconsideration is warranted here because, although there was evidence before the Court that WYW189569 was a producing lease, the Alliance was not aware that BLM did not have the WYW189569 lease on BLM's internal list of nine producing leases. After entry of the June 12, 2026 Order, counsel for the Alliance reached out to Federal Defendants to confirm the producing leases. Only then did the Alliance learn that WYW189569 was not one of the nine producing leases identified by Federal Defendants. Therefore, there is both: (1) evidence of materially

---

[1] Attached as Exhibit 1 to this Motion for Leave is Defendant-Intervenor Western Energy Alliance's Motion.

different facts than the parties presented to the Court before the entry of the Phase 3 Order; and (2) new material facts (namely, that a producing lease of which this Court has notice was not one the BLM identified in reference to nine producing leases) that emerged after entry of the order. Thus, the Court should grant leave to seek reconsideration of the Phase 3 Order, or in the alternative, amend the June 12, 2026 Order under Rule 60. L.R. 7.3; FRCP 60.

## CONFERRAL

Undersigned counsel conferred with counsel for Federal Defendants, Individual Defendant-Intervenors, the State of Wyoming, and Plaintiffs. Federal Defendants, the State of Wyoming, and Individual Defendant-Intervenors do not oppose. Based on the information provided to date, Plaintiffs oppose Alliance's motion.

## FACTUAL BACKGROUND

As is relevant to this motion; Plaintiffs challenged the BLM's decision to offer oil and gas leases in six lease sales in Wyoming and Montana (Phase 3 Leasing Decisions). *See* Plaintiffs' Memo in Support of Plaintiffs' Mot. for Summ. J. on Phase Three Claims, Doc. 501. Federal Defendants and Defendant-Intervenors, including Defendant-Intervenor the Alliance, asserted that the Phase 3 Leasing Decisions did not violate federal law, but if the Court found that they did, the proper remedy was not vacatur of all of the leases issued in the Phase 3 Leasing Decisions. *See, e.g.,* Defendants' Memo in Support of Mot. for Summ. J., Doc. 514, pp. 37-42;

2

Alliance Memo in Support of Mot. for Summ. J., pp.17-21. Evidence introduced by Federal Defendants identified nine producing leases, but did not identify the producing leases by lease number. Decl. of J. Ajak, Doc. 514-1, ¶¶ 10-15 (identifying nine producing leases, seven in Wyoming). Two individual company intervenors, Jonah Energy and Continental, identified three and one producing lease, respectively. *See* Doc. 525, pp. 15, 24. The Alliance also introduced uncontroverted evidence of producing leases, including of WYW189569. *See* Decl. of 1876 Resources, LLC in Support of Alliance's Mot. for Summ. J., Doc. 523-5, p. 3. Even the Plaintiffs themselves conceded that at least a portion of the nine producing leases warranted a different remedy than vacatur. *See* Doc. 538, p. 23.

The Court issued its decision on the Phase 3 Leasing Decisions on June 12, 2026. Doc. 570. The Phase 3 Order "remands with vacatur the Phase Three lease sales that violate FLPMA, excluding the nine producing leases and the 2020 Wyoming lease sales." *Id*. at 43. After entry of the Court's order, counsel for the Alliance reached out to counsel for Federal Defendants to confirm the identity of the producing leases. Only then did the Alliance uncover that the WYW189569 lease was not contemplated by Federal Defendants in their representation that there were nine producing leases. Thus, the Alliance confirmed there are actually ten producing leases. This motion followed.

## ARGUMENT

Local Rule 7.3 allows any party to seek a motion for reconsideration of any interlocutory order made by the Court on any ground. Alliance seeks leave to file a motion for reconsideration of the Court's June 12, 2026 Order on Phase Three Summary Judgment (Phase 3 Order), which found that "considerations of equity require that the Court not vacate the nine already producing leases stemming from the challenged Phase Three lease sales." Phase 3 Order, Doc. 570, p. 31.

The WYW189569 lease has been producing via the Lost Springs 3567-29-32-3NXH well since 2024. *See* Ex. A, BLM Serial Register Page, Lease WYW189569 (noting First Production Date of 10-28-2024). As this Court confirmed, since the WYW189569 lease is actually producing via the Lost Springs well, that production cannot be undone or unraveled to restore the status quo. *See* Phase 3 Order, Doc. 570, pp. 30-31.

Alliance presented to the Court uncontroverted record evidence that Alliance member company 1876 Resources, LLC, the lease owner, has invested approximately 10 million dollars in the drilling and completion of that well. *See* Decl. of 1876 Resources, LLC in Support of Alliance's Mot. for Summ. J., Doc. 523-5, p. 3. Therefore, the legal basis supporting the Court's finding as to the producing wells identified in the Court's order also applies to the WYW189569 lease. The same considerations of equity apply to the WYW189569 lease as to the other leases contemplated by the Federal Defendants.

Although the Alliance introduced evidence of this producing lease in its declarations in support of its briefing on Phase 3, (Doc. 523-5), the Alliance was not aware that the WYW189569 lease was not on BLM's list of producing leases, as BLM did not identify the producing leases on its list of nine by lease number. *See,* Decl. of J. Ajak, Doc. 514-1, ¶¶ 10-15 (identifying nine producing leases, seven in Wyoming). Lease WYW189569 is located in Converse County, Wyoming, within the Casper Field Office. *See* Ex. A, p. 1; *see also* Doc. 514-1, ¶ 13 (identifying five producing wells in the Casper Field Office).

As this tenth producing lease constitutes both a materially different fact (ten, rather than nine producing leases) and new material facts that emerged after the Court's order (that this producing lease was not one of the leases referenced in BLM's declaration), Alliance respectfully requests this Court grant leave to Alliance to file a motion to reconsider the Court's Phase 3 Order to correctly exempt the ten producing leases from the vacatur order, rather than the previously-identified nine.

In the alternative, the Alliance seeks relief under Federal Rule of Civil Procedure 60(a) and (b), which provides the district court with authority to correct mistakes arising from oversight or omission on a party's motion or sua sponte, or to relieve a party of an order for "mistake, inadvertence, surprise, or excusable neglect." F.R.C.P. 60(a), (b)(1). As explained above, the Alliance was unaware that WYW189569 was not on BLM's list of existing leases. BLM identified producing leases in the Casper Field Office. Doc. 514-1, ¶ 13. The WYW189569 lease is within

the Casper Field Office. *See* Ex. A. Thus, a mistake of fact existed for the parties and the Court, as to the proper number of producing leases. This warrants relief under Rule 60. Modifying the Court's Phase 3 Order will correct this mistake of fact, provide certainty regarding the proper scope of the Court's Phase 3 Order.

## CONCLUSION

For the above-stated reasons, Alliance respectfully requests the Court grant its motion for leave to file a motion for reconsideration under Local Rule 7.3 regarding producing leases. In the alternative, the Alliance requests the Court modify its Order under Federal Rule of Civil Procedure 60 to properly note that there are ten, rather than just nine, producing leases exempted from vacatur.

Respectfully submitted this 10th day of August 2026.

FOR DEFENDANT-INTERVENOR
WESTERN ENERGY ALLIANCE

*/s/ Malinda Morain*
Bret Sumner, CO Bar No. 38339
(admitted pro hac vice)
Malinda Morain, CO Bar No. 46986
(admitted pro hac vice)
Beatty & Wozniak, P.C.
1801 California Street, Ste. 3650
Denver, CO 80202
(303) 407-4499 (phone)
(800) 886-6566 (fax)
bsumner@bwenergylaw.com
mmorain@bwenergylaw.com

6

*/s/ Adrian A. Miller*
Adrian A. Miller
Michelle Millhollin
Millhollin Miller Law
2812 1st Ave North
Billings, MT 59101
(406) 403-7066 (phone)
adrian.miller@millhollinmiller
michelle.millhollin@millhollinmiller.com

7

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.3, the foregoing motion contains 1,356 words, excluding the caption, certificate of compliance and certificate of service.

_/s/ Malinda Morain_

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 10, 2026 the foregoing was served by the Clerk of the U.S. District Court of Montana, Great Falls Division, through the Court's CM/ECF system, which sent a notice of electronic filing to all counsel of record.

*/s/ Malinda Morain*