Adrian A. Miller
Michelle Millhollin
Millhollin Miller Law
2812 1st Ave. North, Suite 225
Billings, MT 59101
(406) 403-7066 (phone)
adrian.miller@millhollinmiller.com
michelle.millhollin@millhollinmiller.com

Bret Sumner, CO Bar No. 38339
(admitted pro hac vice)
Malinda Morain, CO Bar No. 46986
(admitted pro hac vice)
Beatty & Wozniak, P.C.
1801 California Street, Suite 3650
Denver, CO 80202
(303) 407-4499 (phone)
(800) 886-6566 (fax)
bsumner@bwenergylaw.com
mmorain@bwenergylaw.com

*Counsel for Defendant-Intervenor Western Energy Alliance*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION**

| | |
|---|---|
| **MONTANA WILDLIFE FEDERATION,** *et al.*,<br><br>Plaintiffs,<br>v.<br><br>**DOUGLAS BURGUM,** Secretary of the Interior, *et al.*,<br><br>Defendants,<br><br>**WESTERN ENERGY ALLIANCE** and **STATE OF WYOMING,**<br><br>Defendant-Intervenors. | Case No. 4:18-cv-00069-GF-BMM<br><br>**WESTERN ENERGY ALLIANCE'S MOTION FOR RECONSIDERATION OF ORDER ON PHASE THREE SUMMARY JUDGMENT** |

**EXHIBIT 1**

**INTRODUCTION**

Western Energy Alliance seeks reconsideration of the Court's June 12, 2026 Phase 3 Order to clarify that there are ten, not nine, producing leases excepted from vacatur. Montana Local Rule 7.3 permits any party to seek leave to file a motion for reconsideration of any interlocutory order made by that judge on any ground. A motion for leave to file a motion for reconsideration must show that "the facts . . . are materially different from the facts . . . that the parties presented to the court before entry of the order for which reconsideration is sought" or "new material facts emerged . . . after entry of the order." L.R. 7.3 (b)(1)(A), (2). Additionally, Federal Rule of Civil Procedure 60 allows the Court to correct mistakes arising from oversight or omission and to relieve a party of a final judgment or order for mistake.

Reconsideration is warranted here because, although there was evidence before the Court of a tenth producing lease, WYW189569, the Alliance was not aware that BLM did not have the WYW189569 lease on BLM's list of "nine" producing leases. Therefore, there is both: (1) evidence of materially different facts than the parties presented to the Court before the entry of the Phase 3 Order; and (2) new material facts (namely, that a producing lease of which this Court has notice, was not one the BLM identified in reference to nine producing leases) that emerged after entry of the order. Thus, the Court should grant leave to seek reconsideration of the Phase 3 Order. L.R. 7.3.

1

**EXHIBIT 1**

Further, the Court can correct mistakes arising from an oversight or omission, namely, that the Alliance was not aware of the nine leases on BLM's list, and that the WYW189569 lease was actually a tenth producing lease. The Alliance presented evidence of this lease as producing during briefing. All parties and the Court will benefit from certainty to identify all the producing leases subject to the Phase 3 Order, and relief is warranted under Rule 60.

## CONFERRAL

Undersigned counsel conferred with counsel for Federal Defendants, Individual Defendant-Intervenors, the State of Wyoming, and Plaintiffs. Federal Defendants, the State of Wyoming, and Individual Defendant-Intervenors do not oppose. Based on the information provided to date, Plaintiffs oppose Alliance's motion.

## ARGUMENT

Local Rule 7.3 allows any party to seek a motion for reconsideration of any interlocutory order made by the Court on any ground. Alliance seeks leave to file a motion for reconsideration of the Court's June 12, 2026 Order on Phase Three Summary Judgment (Phase 3 Order), which found that "considerations of equity require that the Court not vacate the nine already producing leases stemming from the challenged Phase Three lease sales." Phase 3 Order, Doc. 570, p. 31.

As was evidenced before the Court, the WYW189569 lease has been producing via the Lost Springs 3567-29-32-3NXH well since 2024. *See* Ex. A, BLM

2

**EXHIBIT 1**

Serial Register Page, Lease WYW189569 (noting First Production Date of 10-28-2024. As the lease is producing via the Lost Springs well, as this Court has found, that production cannot be undone or unraveled to restore the status quo. *See* Phase 3 Order, Doc. 570, pp. 30-31. Alliance member company 1876 Resources, LLC, the lease owner, has invested approximately 10 million dollars in the drilling and completion of that well. *See* Decl. of 1876 Resources, LLC in Support of Alliance's Mot. for Summ. J., Doc. 523-5, p. 3. Therefore, the legal basis supporting the Court's finding as to the producing wells identified in the Court's order also applies to ten, not nine leases.

The Alliance introduced evidence of this producing lease in its declarations in support of its briefing on Phase 3 (Doc. 523-5). However, because BLM did not identify which leases were producing, the Alliance was not aware that the WYW189569 lease was not on BLM's list of nine producing leases, and that BLM erred in listing only nine, rather than ten producing leases. *See* Decl. of J. Ajak, Doc. 514-1, ¶¶ 10-15 (identifying nine producing leases, seven in Wyoming).

Lease WYW189569 is located in Converse County, Wyoming, within the Casper Field Office. *See* Ex. A, p. 1; *see also* Doc. 514-1, ¶ 13 (identifying five producing wells in the Casper Field Office). Therefore, the Alliance was reasonable in its presumption that lease WYW189569 was included as one of the nine listed leases.

3

**EXHIBIT 1**

As this tenth producing lease constitutes both a materially different fact (ten, rather than nine producing leases) and new material facts that emerged after the Court's order (that this producing lease was not one of the leases referenced in BLM's declaration), Alliance respectfully requests this Court grant Alliance's Motion under Local Rule 7.3, and modify the Court's Phase 3 Order to correctly exempt the ten producing leases from the vacatur order, rather than the previously-identified nine.

In the alternative, the Alliance seeks relief under Federal Rule of Civil Procedure 60(a) and (b), which provides the district court with authority to correct mistakes arising from oversight or omission on a party's motion or sua sponte, or to relieve a party of an order for "mistake, inadvertence, surprise, or excusable neglect." F.R.C.P. 60(a), (b)(1). As explained above, the Alliance was unaware that WYW189569 was not on BLM's list of existing leases, or that BLM inadvertently listed nine producing leases when there were, in fact, ten. Alliance itself introduced evidence of the producing lease to the Court. *See* Decl. of 1876 Resources, LLC in Support of Alliance's Mot. for Summ. J., Doc. 523-5, p. 3. Thus, it was diligent in presenting information regarding its' members interest, and not inexcusably neglectful in presenting evidence of this producing lease to the Court.

Alliance further relied on declarations that indicated producing leases in the relevant field office. BLM identified producing leases in the Casper Field Office.

4

**EXHIBIT 1**

Doc. 514-1, ¶ 13. It, however, did not know that 1876's lease was not one of the five identified in the declaration.

Modifying the Court's Phase 3 Order will correct this mistake of fact, protect the Alliance, which did not display neglect in identifying a producing lease to the Court and the parties, and provide certainty to the parties and the Court regarding the proper scope of the Court's Phase 3 Order. Thus, Alliance respectfully requests the Court modify its order clarifying ten, not nine leases are producing and thus exempted from vacatur.

## CONCLUSION

For the above-stated reasons, Alliance respectfully requests the Court grant its motion for reconsideration under Local Rule 7.3 and Federal Rule of Civil Procedure 60 to clarify the Court's Phase 3 Order to properly clarify that there are ten, rather than just nine, producing leases.

Respectfully submitted this 10th day of August 2026.

FOR DEFENDANT-INTERVENOR
WESTERN ENERGY ALLIANCE

*/s/ Malinda Morain*
Bret Sumner, CO Bar No. 38339
(admitted pro hac vice)
Malinda Morain, CO Bar No. 46986
(admitted pro hac vice)
Beatty & Wozniak, P.C.
1801 California Street, Ste. 3650
Denver, CO 80202
(303) 407-4499 (phone)

5

**EXHIBIT 1**

(800) 886-6566 (fax)
bsumner@bwenergylaw.com
mmorain@bwenergylaw.com

*/s/ Adrian A. Miller*
Adrian A. Miller
Michelle Millhollin
Millhollin Miller Law
2812 1st Ave North
Billings, MT 59101
(406) 403-7066 (phone)
adrian.miller@millhollinmiller
michelle.millhollin@millhollinmiller.com

6
**EXHIBIT 1**

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 10, 2026 the foregoing was served by the Clerk of the U.S. District Court of Montana, Great Falls Division, through the Court's CM/ECF system, which sent a notice of electronic filing to all counsel of record.

*/s/ Malinda Morain*

**EXHIBIT 1**